PERRY ET AL. V. VEZINA ET AL.

1. **Assignment for Benefit of Creditors:** BAD FAITH OF ASSIGNOR: FACTS NOT CONSTITUTING. Where one mortgaged certain of his property, and three hours afterwards made an assignment for the benefit of his creditors, but it is conceded that the assignor, at the time he made the mortgage, did not contemplate making an assignment, the assignment cannot be held to be void as including the mortgage, and thus preferring creditors.

2. ———: NEED NOT INCLUDE EXEMPT PROPERTY. An assignment for the benefit of creditors is not void for the reason that it does not convey *all* of the assignor's property, where it reserves only such as the law exempts from execution.

*Appeal from Lee Circuit Court.*

TUESDAY, MARCH 18.

PROCEEDING IN GARNISHMENT. The plaintiffs are judgment creditors of the defendant, Vezina. As such, they caused an execution to issue upon their judgment, and caused the defendant, Irwin, to be garnished. He appeared and answered, denying all indebtedness, and denying that he had property in his possession or under his control belonging to the judgment debtor. A stipulation of facts was also filed. The plaintiffs then moved for judgment against the garnishee upon the answer and stipulation of facts. The court overruled the motion and discharged the garnishee. From the order overruling the motion and discharging the garnishee the plaintiffs appeal.

*H. Scott Howell & Son,* for appellants

*W. T. Rankin,* for appellees.

ADAMS, J.—A short time previous to the institution of these proceedings, the judgment debtor, Vezina, was in trade in the city of Keokuk. On the 18th day of January, 1883, he made an assignment for the benefit of his creditors to the garnishee, Irwin. This property, including a stock of goods, passed into

1. ASSIGNMENT for benefit of creditors: bad faith: facts not constituting.

Irwin's hands. The plaintiffs, as garnishing creditors, seek to charge Irwin as garnishee, by reason of the possession of this property. They do not deny the execution of the instrument by which Vezina attempted to make an assignment, but they insist that it is to be taken in connection with a certain other instrument executed by Vezina, denominated a trust mortgage, and that, if so taken, it must be held void, because, if the trust mortgage, so called, was a part of the assignment, then, as its effect was to prefer creditors, such would be the effect of the assignment, and it must, under section 2115 of the Code, be held to be void. That section provides that "no general assignment of property by an insolvent, in contemplation of insolvency, for the benefit of creditors, shall be valid, unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims." We have, then, the question as to whether the two instruments are to be taken as one transaction, and as constituting the assignment. If they are, it cannot properly be denied that the assignment is void, and that Irwin holds the property in trust for Vezina, and may be charged as garnishee.

A mortgage, or several mortgages, may be taken with an assignment proper, as one transaction, and as constituting the assignment; *Van Patten & Marks v. Burr*, 52 Iowa, 521; or several mortgages may be taken together as one transaction, and as constituting an assignment. *Burrows v. Lehndorff*, 8 Iowa, 96. But, to justify a court in finding that a mortgage may be taken in connection with some other instrument as constituting an assignment, it should appear that the mortgagor, at the time he made the mortgage, had the intention to make an assignment. In the case at bar, the mortgage appears to have been made without such intention, and as a distinct and independent transaction. It is true, the instrument designed as an assignment was made on the same day, and only three hours later. Our attention is called by the plaintiffs to this fact. Under some circumstances, such fact might, perhaps, have some importance. But the question of intention

in this case appears to be controlled, and absolutely disposed of, by the stipulation of the parties. The stipulation is in these words: "that, when the said Vezina made the said mortgage to said Irwin, said Vezina did not contemplate making the assignment which he did afterward make on the same day." It seems to us that this stipulation leaves nothing to be said upon this point.

It is contended, however, that, independent of this point, the assignment should be held invalid, and that is by reason of a provision which it contains. The assignor did not convey all his property. He made a reservation in these words: "except such as the law excepts," designing, doubtless, to reserve to himself such property as the law exempts from execution.

2. ———: need not include exempt property.

There is no pretense that a person who makes an assignment for the benefit of his creditors is not entitled to any exemptions. The appellant's position, as we understand, is that the assignment, to be valid, must purport to convey all the assignor's property, exempt as well as non-exempt. The only authority cited to support the position is *Johns v. Bolton*, 12 Penn. St., 339. But, in that case, there was property reserved in addition to what was exempt by law. The case, we think, constitutes no authority for the appellants. In our opinion, no valid objection is shown to the assignment, and the judgment below must be

AFFIRMED.