## FARWELL ET AL. v. JONES ET AL.

1. **Assignment for Benefit of Creditors:** PREFERENCE BY ASSIGNOR: FACTS NOT CONSTITUTING. Where one executed chattel mortgages upon all his property to three of his creditors, and afterwards, on the same day, made an assignment for the benefit of his creditors, subject to the chattel mortgages, but it appears from the evidence that at the time he made the mortgages he did not contemplate making an assignment, the assignment cannot be held to be void as including the mortgages, and thus preferring creditors. [See *Perry v. Vezina, ante,* p. 25.]

*Appeal from Cass Circuit Court.*

WEDNESDAY, APRIL 23.

THE plaintiffs commenced an action at law against the defendant, Jones, and caused an attachment to issue therein, and levied the same upon a stock of goods then in the possession of Geo. E. Pennell, as assignee of said Jones under a general assignment for the benefit of creditors. Afterwards the plaintiff commenced an action in equity against said Jones and the other defendants, to set aside the general assignment made by Jones to Pennell, and to set aside three chattel mortgages upon the goods, made by Jones to the defendants, McWaid, Whitney, and McDaniels, upon the ground that the mortgages and assignment constituted but one general assignment, with a fraudulent preference among the creditors of Jones. There were answers by the defendants, and cross-petitions by the mortgagees, and the law action was consolidated with the action in equity, and a trial was had to the court, and a judgment was rendered for plaintiffs against the defendant, Jones, for the amount due plaintiffs, and the plaintiffs' petition in equity was dismissed,

the assignment held valid, and the three chattel mortgages were held to be binding upon all the parties, and a foreclosure of them was decreed. Plaintiffs appeal.

*A. S. Churchill* and *Flower, Remey & Gregory,* for appellants.

*L. L. DeLano* and *Willard & Hopper,* for appellees.

Rothrock, Ch. J.—For some three years prior to the twenty-eighth of February, 1882, the defendant, Jones, was engaged in selling merchandise at Atlantic, in Cass county. Some four or five weeks before the date above mentioned, he went to Colfax Springs, and remained there for the benefit of his health, and returned to Atlantic on the twenty-seventh day of February, 1882. During this absence his business was conducted by clerks. In the forenoon of the day after his return, he made three chattel mortgages to the defendants, McWade, Whitney, and McDaniels, upon all of his stock of goods and merchandise, and store fixtures, and notes and accounts, and upon a horse. The mortgages were all filed for record within a few minutes of each other, the last filing being at 12:50 P. M. Afterwards, and on the same day, Jones executed to Pennell a general assignment of the same property, subject to the chattel mortgages. The assignment included all of the property of Jones not exempt from execution, and was filed for record at 3:55 P. M. of the same day.

Jones was insolvent at the time of making these instruments. He was largely indebted to the mortgagees, the plaintiffs, and others, and was unable to pay any of his debts, without a sale of his property; and his property was insufficient in value to pay his debts. It is provided by section 2115 of the Code, that "no general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of all his creditors, shall be valid, unless it be

made for the benefit of all his creditors in proportion to the amount of the respective claims."

It is claimed by counsel for appellants that the three mortgages and the assignment altogether constituted but one transaction, and that, because of the preference given to the mortgagees, the assignment is void under the statute. The evidence upon which the appellants rely to establish the proposition that the execution of the four instruments was a contrivance to enable the debtor to make a general assignment, and at the same time prefer certain creditors, is circumstantial in its nature. It consists in the fact that the instruments were all made on the same day, that they were all acknowledged before the same officer, and all delivered to the recorder by the same person, and other circumstances. But the direct and positive evidence in the case is that the mortgages were made in the forenoon, and that Jones did not then contemplate making an assignment. So far as it appears, he conceived the purpose to do so after the mortgages were made, and after the parties had separated at noon. We are quite well satisfied from the evidence that the plaintiffs have not shown that all of the instruments were parts of the same transaction.

Without such showing, the case does not fall within the rule of *Van Patten & Marks v. Burr*, 52 Iowa, 518, and other cases determined by this court.

AFFIRMED.