CADWELL'S BANK V. CRITTENDEN, GARNISHEE.

1. **Assignment for Benefit of Creditors, or Mortgage:** INTENTION GOVERNS: RULE STATED. Whether or not a disposition of property is to be regarded as an assignment for the benefit of creditors, or as a mortgage, is to be determined from the intention of the parties. If the conveyance is to a trustee, and the debtor intends to divest himself, not only of the title to the property, but of all control over it;—if it is intended as an absolute conveyance of all his property, and is made for the purpose of securing a distribution of its proceeds among his creditors, or a portion of them,—in legal effect it is an assignment for the benefit of creditors, no matter what name or designation the parties may give it. On the other hand, if the intention of the debtor is merely to secure his debt to one or more of his creditors, and the conveyance is not intended as an absolute disposition of his property, but he reserves to himself a right therein, the conveyance will be treated as a mortgage, even though the debtor is insolvent at the time, and it covers all his property, and but a portion of his debts are secured by it. *Fromme v. Jones*, 13 Iowa, 480, and other Iowa cases, cited and followed.

2. ——: ——: RULE APPLIED. Accordingly, where the defendant had for some time been promised security by the debtor, and just after the burning of the debtor's store the defendant, for no consideration paid, but only as a trustee, took from other wholesale merchants, (but not all of the debtor's creditors,) an assignment of their claims against the debtor, and then applied to the debtor for security, not only for his own claim, but also for the claims which he thus held in trust, and thereupon the debtor executed to defendant a bill of sale, covering all his property subject to execution, and it was at the same time orally agreed that, if any proceeds of the property remained after satisfying the claims thus held by the defendant, it should be paid back to the debtor, *held* that the instrument was intended as a mortgage only, and should be treated as such, and not as an assignment for the benefit of creditors, void because not made for the benefit of all the creditors.

*Appeal from Harrison District Court.*

WEDNESDAY, JUNE 3.

PLAINTIFF instituted an action against one J. P. Creager on a promissory note given by him. Judgment was rendered in said action in plaintiff's favor for $2,034.28. An attachment was sued out in the cause, and A. J. Crittenden was garnished

thereon as a supposed debtor of the defendant. The garnishee answered that he had in his hands certain insurance policies and book accounts and bills receivable, which had been conveyed to him by Creager in satisfaction of certain indebtedness which Creager owed, and which had been assigned to him. Plaintiff filed a pleading controverting the answer of the garnishee, in which it is alleged that the transaction between Creager and the garnishee was in effect a general assignment by Creager of all of his property for the benefit of creditors, and was void under the statutes of this state, because not made for the benefit of all of his creditors. Also that the conveyance under which the garnishee claimed the property in his hands was voluntary, and was executed for the purpose of hindering and delaying the creditors of Creager in the collection of their debts. The cause was tried to the court without the intervention of a jury, and the court found that the garnishee was entitled to hold the property mentioned in the conveyance, and to collect the same and apply the proceeds, after paying the costs of collecting, in satisfaction of the debts of Creager, which had been assigned to garnishee, and it was ordered that the garnishee pay into the court any balance remaining in his hands after said costs and debts were paid and satisfied, the same to be applied upon the debts due plaintiff, and certain other creditors of Creager, who had also garnished Crittenden. From the judgment plaintiff appeals.

*J. W. Barnhart*, for appelllant.

*Wright, Baldwin & Haldane* and *S. I. King*, for appellee.

REED, J.—The evidence introduced on the trial in the district court establishes the following facts: For some time prior to the seventh of August, 1884, the defendant Creager had been engaged in business as a general merchant in the town of Logan. On the night of that day his store building and stock of goods were destroyed by fire. He was indebted

at that time to Smith & Crittenden, J. M. Phillips, Peregoy & Moore, Stewart Bros. and Metcalf Bros., wholesale dealers at Council Bluffs, in different sums, amounting in the aggregate to $2,309.79. He was also indebted to James Yates, who had been in his employ as a salesman, in the sum of $278.31. He also owed plaintiffs the debt for which judgment was rendered in the main action, and was indebted in various amounts to other wholesale dealers.

On the day after the fire, the garnishee, who is a member of the firm of Smith & Crittenden, went to Logan, having with him a statement of account of his own firm, also the accounts of the other Council Bluffs houses, which had been assigned to him. The indebtedness of Creager to Smith & Crittenden was much greater than that to any of the other wholesale houses, and he had previously agreed that he would secure the indebtedness to them at any time when they might deem themselves insecure; and when Crittenden went to Logan he demanded security, not only for the debt due his own firm, but for those which had been assigned to him by the other Council Bluffs houses. Creager accordingly executed an instrument which in form is a bill of sale, by which he transferred and signed to Crittenden all books of accounts pertaining to his business at Logan, and certain policies of insurance which covered the stock of goods which was destroyed by the fire. Creager desired that the debt to Yates should be secured, and it was agreed between him and Crittenden that it should be paid out of the proceeds of the property. Yates also agreed to this arrangement, but he made no assignment of his claim to Crittenden. It was also agreed that if any balance remained, after paying the cost of collecting the accounts and policies, and satisfying the claims held by Crittenden and the amount due Yates, the same should be paid over by Crittenden to Creager, but this agreement was not expressed in the written instrument. The property covered by the instrument was all of the property subject to execution which Creager then owned. Crittenden paid nothing to

the other firms for the assignment of their claims against
Creager, and by his agreement with them he is bound to pay
them only in case he succeeds in collecting the amounts.

I.   The most important question arising upon the facts
proven is, whether the transaction in question amounts in law
to a general assignment by Creager for the benefit of creditors,
or whether it was merely a mortgage of the property covered
by the instrument to secure the several debts which were the
subject of the transaction.   If the former is its character,
there can be no question but that it is invalid under section
2115 of the Code, which provides that "no general assign-
ment of property by an insolvent, or in contemplation of
insolvency, for the benefit of creditors, shall be valid unless
it be made for the benefit of all his creditors in proportion to
the amount of their respective claims."   But if it was merely
a mortgage of the property to secure the debts, the garnishee
acquired thereunder a right to the property, which can be
defeated only by proof that the transaction was tainted with
fraud.

This court has frequently heretofore had occasion to deter-
mine the legal effect of transactions in which insolvent
debtors have made conveyances of all of their property for
the benefit of a portion of their creditors, and it is settled
by the cases that the question whether such conveyance should
be regarded as an assignment for the benefit of creditors, or
a mortgage for the security of particular debts, is to be
determined by the intention of the parties, as it may be
ascertained from the circumstances of the transaction.
If the conveyance is to a trustee, and the debtor intends
to divest himself, not only of the title to the property,
but of all control over it; if it is intended as an absolute
conveyance of all his property, and is made for the purpose
of securing a distribution of its proceeds among his creditors,
or a portion of them,—in legal effect it is an assignment for
the benefit of creditors, no matter what name or designa-
tion the parties may have given it.   On the other hand, if

the intention of the debtor is merely to secure his debt to one or more of his creditors, and the conveyance is not intended as an absolute disposition of his property, but he reserves to himself a right therein, the conveyance will be treated as a mortgage, even though the debtor is insolvent at the time, and it covers all of his property, and but a portion of his debts are secured by it. *Fromme v. Jones*, 13 Iowa, 480; *Lampson v. Arnold*, 19 Id., 479; *Farwell v. Howard*, 26 Id., 381; *Kohn v. Clement*, 58 Id., 589.

The district court found that the instrument by which the book-accounts and insurance policies were assigned by Creager to the garnishee was intended as a mortgage to secure the several debts of Creager to the Council Bluffs houses and to Yates, and the judgment awards the garnishee the rights of a mortgagee in the property. We think this finding is abundantly sustained by the evidence.

The demand made by the garnishee was for security for the debts. This demand was made in pursuance of the previous agreement of Creager that he would secure the debt to Smith & Crittenden whenever they should conclude that security was essential to their protection. Creager recognized and admitted the justice of the demand, and he executed the instrument in obedience to it. He had no other property, except the policies and accounts, which he could pledge as security for the debt, and by the instrument in question he assigned them; and this was done in execution of his agreement to secure the debt. The instrument, although an absolute assignment in form, was not intended as an absolute transfer of the property, but he reserved to himself an interest in it. It was agreed that the balance of the proceeds, after the costs of collection were paid and the debts were satisfied, should be paid over to him; and he had the undoubted right at any time, upon payment of the secured debts, to repossess himself of the property. Much stress is placed by counsel for appellant on the fact that the garnishee had no real interest in any of the debts, except that due to Smith & Crittenden.

It is claimed that he was a mere trustee, and that the conveyance of the property to a trustee with intent that he should apply the proceeds in satisfaction of the debts gives to the instrument the character of an assignment for the benefit of the creditors. The case of *Burrows v. Lehndorff*, 8 Iowa, 96, is relied on as sustaining this position. It is said in that case that the fact that the insolvent debtor appoints a trustee to whom he conveys his property for the benefit of creditors in most instances conclusively fixes the character of the transaction as a general assignment.

In a certain sense it is true that Crittenden was a trustee. He had been appointed by the creditors as their agent to collect or secure their claims against Creager. To enable him to accomplish this, they had assigned their claims to him. He had the legal title to them, but had no beneficial interest in any of them except that of Smith & Crittenden. He held the claims in trust, and was bound to account for any money which he might collect on them to the real owners thereof. But he was not a trustee of Creager's appointing. He stood in the relation of a creditor to him. As he held the legal title to the claims, he could have maintained an action for their enforcement in his own name; (*Knadler v. Sharp*, 36 Iowa, 232;) and we know of no reason why he might not take a mortgage in his own name for their security. The instrument in question imposed upon him no duties or obligations which he would not have assumed by accepting it if he had been the absolute owner of the claims.

II. It is insisted by appellant, however, that the transaction was fraudulent; that the assignment was given by Creager, and accepted by the garnishee, for the purpose of hindering and delaying the other creditors of Creager. But this claim is clearly not established by the .evidence. The circumstances of the transaction are all consistent with the utmost good faith on the part of the parties to it.

We see no reason for disturbing the judgment; and it is accordingly                                              AFFIRMED.