CLEMENT, BAUER & COMPANY, Appellants, v. JOHNSON & MARING et al., Appellees.

Assignment for Benefit of Creditors: PREFERENCES: EVIDENCE. A mortgage and a general assignment will not be construed as constituting together an assignment with preferences, where it appears that, at the time of the execution and delivery of the mortgage, the mortgagor had no intention of making the assignment.

*Appeal from Appanoose District Court.*—HON. E. L. BURTON, Judge.

TUESDAY, MAY 24, 1892.

ACTION aided by attachment to recover the amount due on certain promissory notes, and for merchandise sold and delivered. William Evans appeared as garnishee and also as intervenor. There was a trial by jury, and a verdict and judgment in favor of Evans. The plaintiffs appeal.—*Affirmed.*

*T. M. Fee*, for appellants.

*Tannehill, Vermillion & Vermillion*, for appellee Evans.

Robinson, C. J.—This action was commenced on the fourteenth day of December, 1889, to recover sixty-two hundred and eighty-three dollars, with interest and costs. On the twentieth day of November, 1889, the defendants, Johnson & Maring, merchants, of Centerville, were insolvent, owing to the plaintiff, the Centerville National Bank and others large sums of money. The bank insisted upon payment, and, after attempting to make other arrangements, on the twenty-eighth day of the month named the defendants executed and delivered to the bank a chattel mortgage on their stock of merchandise to secure the sum of thirty-three hundred and twenty-four dollars and thirty-six cents. At the same time they executed four other mortgages on real estate, and filed them for record, without the knowledge of the mortgagees. One of the mortgages so executed was in favor of the plaintiffs, but has not been accepted by them. On the same day the defendants executed twelve other mortgages, none of which, however, were delivered as recorded. The mortgages so drawn included all or nearly all the property of the defendants, and were designed to secure all their creditors, giving preferences first to certain home creditors, then to the plaintiffs and to others. After the mortgages were executed the defendants sold their interest in the stock of merchandise to Evans, taking his notes therefor to the amount of three thousand dollars, and turning them over to the bank. On the twenty-ninth day of November, the defendant, Johnson, went to Chicago to confer with the plaintiffs. The conference resulted in an agreement by which the defendants were to turn over what property they had,

including notes and book accounts, to the plaintiffs, and the latter were to undertake a settlement with the other creditors. Johnson returned to Center-ville on Sunday, the first day of December. It was then found that, in consequence of some misunder-standing about the sale, the defendants could not obtain the Evans notes and were unable to carry out the agreement with the plaintiffs. The sale to Evans, was, therefore, rescinded, and it was then decided that the defendants should make a general assignment to Evans for the benefit of their creditors. The necessary papers were accordingly drawn, and a few minutes after midnight were signed and filed for record. The assignee immediately took possession of the property assigned, and entered upon the discharge of his duties as assignee. He was garnished in this action, but claims to hold the property he received from the defendants by virtue of the assignment. The plaintiffs contend that the assignment was fraudulent in law and void, because made to hinder and delay the creditors of the assignors, and for the further reason that some of their creditors were preferred to others.

I. The appellants complain of the rulings of the court in sustaining objections to certain questions asked a witness. The questions, so far as material and compe-tent, were fully answered by the witness in other por-tions of his examination, and no prejudice could have resulted to the plaintiffs from the rulings in question.

II. The principal part of the argument for the appel-lants is made in support of their claim that the evidence shows that the assignment was fraudulent. Whether it was so was a question for the jury to determine. They found specially that when the mortgages were executed it was not the intention of the defendants to make a general assignment for the benefit of creditors; that the mortgages given to the bank and those filed for record did not incumber all the property of the

defendants; and that the intent to make a general assignment was formed after the mortgages were given. We think the evidence justified these findings. If it be conceded that the plan of the defendants, as originally formed, had it been carried out, would have been fraudulent in law, that fact would not affect the result in this case, for the reason that the plan was abandoned, and a new one adopted and carried into effect. It is true that, if the giving of the mortgages and the making of the assignment had been parts of a single transaction, it would have been invalid under the rule announced by this court in numerous cases. See *Van Patten v. Burr*, 52 Iowa, 518; *Cole v. Dealham*, 13 Iowa, 551; *Burrows v. Lehndorff*, 8 Iowa, 97; *Van Horn v. Smith*, 59 Iowa, 142. But it is equally well settled that an insolvent debtor may convey his entire estate to pay one or more creditors, even though by so doing he defeat all other creditors in the collection of their claims. *Lampson v. Arnold*, 19 Iowa, 485. If the debtor, in giving security to a part of his creditors, does so without intending to make a general assignment for the benefit of all of them, the transaction is valid, even though within a brief time thereafter, and on the same day, he forms and executes the purpose of making such an assignment. *Gage v. Parry*, 69 Iowa, 605; *Aulman v. Aulman*, 71 Iowa, 124. In *Perry v. Vezina*, 63 Iowa, 26, it was said that "to justify a court in finding that a mortgage may be taken, in connection with some other instruments, as constituting an assignment, it should appear that the mortgagor, at the time he made the mortgage, had the intention to make an assignment." The evidence in this case tends to show that the defendants had no intention to make a general assignment under the statute until several days after the mortgages were given, when they found they could not carry out their agreement with the plaintiffs. The change they then decided upon was not merely

one of means, but of the ends to be accomplished. We conclude that the findings and verdict of the jury are sustained by the evidence.

III. Portions of the charge to the jury are criticised. We have examined the various objections made with care, but do not find them to be well founded. The charge, considered as a whole, presents the case for the plaintiffs fairly, omissions in some paragraphs being supplied in others; and instructions asked by the plaintiff, so far as correct and important, were incorporated in the charge. The conclusions we have announced dispose of all material questions in the case.

The judgment of the district court is AFFIRMED.