OF

## THE STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1892,

AND IN THE FORTY-SIXTH YEAR OF THE STATE.

---

JOHN V. FARWELL & COMPANY, Appellants, v. E. CUN-
NINGHAM & COMPANY, Appellees.

1. **General Assignment:** MORTGAGES: VALIDITY. Where an insol-
vent debtor made four chattel mortgages and a conveyance of real estate
to secure *bona fide* creditors, who were demanding security for their
claims, and subsequently on the same day made a general assignment
for the benefit of creditors, held, that the several instruments could
not be construed as constituting together a general assignment with
preferences, in the absence of evidence that the debtor intended to
make an assignment at the time of the execution of the mortgages
and conveyance of real estate.

2. **Conveyance of Real Estate:** CONSIDERATION: INSOLVENCY. A
conveyance of real estate by an insolvent to a *bona fide* creditor will
not be held invalid because the value of said real estate is slightly in
excess of the amount of such creditor's claim and the prior incum-
brances upon the land.

(67)

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 4, 1892.

THIS is a suit in equity. The plaintiffs are creditors of E. Cunninghan & Co., a partnership which was at one time engaged in the mercantile business at Gilman, in Marshall county. On the tenth day of March, 1890, said partnership made certain chattel mortgages upon their stock of goods and other assets; and Mary A. Horton, a member of said partnership, conveyed to E. M. Hungerford a farm of one hundred and sixty acres; and on the same day the members of said partnership executed a general assignment for the benefit of their creditors. The plaintiffs claim that the chattel mortgages and the conveyance of the land are void, because they were parts of the general assignment. The court found that said instruments were not void, and the petition was dismissed. The plaintiffs appeal.—*Affirmed.*

*Binford & Snelling*, for appellants.

*B. F. Cummings, J. L. Carney* and *Henderson & Hargrave*, for appellees.

ROTHROCK, J.—I. On the tenth day of March, 1890, the partnership of E. Cunningham & Co., consisting of E. Cunningham and Mary A. Horton, executed and delivered four chattel mortgages to certain creditors of the firm. There is no question about the said firm being indebted to the mortgagees in the full amount for which the mortgages were given. On the same day said Mary A. Horton conveyed a farm of one hundred and sixty acres to her daughter, E. M. Hungerford.

1. GENERAL
assignment:
mortgages:
validity.

The conveyance was made in payment for a valid debt due from Mrs. Horton to her said daughter. There is no question about the validity of this debt, and the proof is undisputed that all of these creditors were represented either by themselves or by agents when these instruments were executed, and that the same were executed and delivered in pursuance of requests or demands made by said creditors who had no other purpose than to collect honest debts due from the said partnership or its members. They were not parties to any contrivance or scheme to defraud anyone. On the same day, and a very short time after the above instruments were executed and acknowledged, the said partnership made an assignment for the benefit of its creditors.

It is claimed by the appellants that all of these instruments were parts of one transaction, and that, taken together, they constituted a general assignment for the benefit of creditors, with preferences, and that all of the said writings were void, as being within section 2115 of the Code, which is as follows: "No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid, unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims." This section of our statute has given rise to many cases which will be found in our reports, and all of them are collected and digested in 2 McClain's Digest, p. 128, and several succeeding pages, down to and including volume seventy of the Iowa Reports. It is not our purpose to review these cases in this opinion. We have given the evidence in the case a most careful examination, and our conclusion is that the instruments in question are valid, and that they were made without any reference to the making of an assignment, or without having such an intent. They were independent transactions, in no

way connected with the assignment for the benefit of creditors. It is true that but a short time intervened between the making and recording of the several instruments, and yet we think it is quite plain that the case comes squarely within the rule announced in the cases of *Farwell v. Jones*, 63 Iowa, 316; *Perry v. Vezina*, 63 Iowa, 25; *Cadwell's Bank v. Crittenden*, 66 Iowa, 237; *Gage v. Parry*, 69 Iowa, 605, and *Kohn v. Clement*, 58 Iowa, 589. We need not set out or discuss the evidence.

II.   It is claimed that the conveyance of the farm by Mrs. Horton to her daughter is voidable, at the suit

2. CONVEYANCE of real estate: consideration: insolvency.

of the plaintiffs, because the debt for which it was conveyed is much less in amount than the value of the farm. It appears that the claim of Mrs. Hungerford was for money borrowed from her in the year 1882, and the sum actually borrowed was one thousand dollars, and that said money was paid upon a mortgage against the farm. Mrs. Hungerford's money released the mortgage to that extent. It was a mortgage which drew ten per cent. per annum interest, and a verbal agreement was made when the one thousand dollars was borrowed that the interest thereon should be ten per cent. per annum. The plaintiff's counsel claims that no greater sum than six per cent. per annum can be allowed, because there was no agreement in writing to pay ten per cent. interest. We do not think that it is necessary to determine this question. The farm was incumbered by liens for more than two thousand dollars, and when the debt due to Mrs. Hungerford, with interest at six per cent., is added to the prior incumbrance, the difference in value is not sufficient to authorize a court to set aside the conveyance as fraudulent.

We have determined this case without a discussion of the evidence in detail. To do so would tend only to

fill up and encumber our reports, without any benefit to even the parties to the appeal. The decree of the district court is AFFIRMED.