JULIUS LeMOYNE, Appellant, v. D. W. BRADEN *et al.,* Appellees.

87 739|
114 685|

1. Assignment for Benefit of Creditors : PREFERENCES. A general assignment will not be held invalid because of preferences given to *bona fide* creditors by transactions closely connected with the deed of assignment in point of time, but which were in fact wholly independent thereof.

2. ———: ACKNOWLEDGMENT: NOTICE. A defective acknowledgment to a general assignment will not enable a subsequent attaching creditor with actual notice of said conveyance to acquire a lien upon the property conveyed superior to the interest of the assignee.

3. ———: DESCRIPTION OF REAL ESTATE: VALIDITY. A general assignment, made in a foreign state, which purports to convey all of the assignor's property, whether real, personal or mixed, and wherever situated, but which does not describe such real estate, will be effective to transfer to the assignee, as against a subsequent attaching creditor, the real property of the debtor in this state, where, in

accordance with the statute of the state where said assignment was made, an inventory of the property assigned was filed of record within thirty days after the filing of the assignment, which duly described the debtor's property in this state.

4. **Practice:** REOPENING CAUSE: NEWLY DISCOVERED EVIDENCE. Where a motion for leave to amend and to introduce newly discovered evidence in support of such amendment, was filed after the final submission of a cause, and after the court had indicated his decision, and it appeared that the evidence which it was proposed to introduce was that of a witness who had testified upon the trial, and was of such a nature that the pleadings and evidence on which the cause was tried should have suggested inquiry for it, *held,* that the overruling of said motion was no abuse of the discretion of the district court.

*Appeal from Monona District Court.*—Hon. George W. Wakefield, Judge.

Thursday, May 11, 1893.

Action in equity to recover the amount due on account of a promissory note, indorsed by defendant D. W. Braden, and to subject to its payment certain lands claimed by defendant Isaac K. Wood as assignee of Braden. There was a hearing on the merits, and a decree in favor of the assignee. The plaintiff appeals. —*Affirmed.*

*McMillan & Kindall,* for appellant.

*R. H. Hanna,* for appellees.

Robinson, C. J.—The parties to this action are nonresidents of the state of Iowa, and at the time the note in suit was given, and for some time thereafter, they were residents of the state of Pennsylvania. The note was given on the nineteenth day of October, 1889, to Braden, for the sum of three thousand dollars. It was payable four months after its date, and was transferred by Braden to the plaintiff by an indorsement in blank. On the twenty-seventh day of November, 1889,

Braden made a general assignment for the benefit of his creditors to the defendant Wood. At that time Braden was the owner of eighty acres of land in Monona county, and of two hundred acres of land in Union county, in this state, which his assignee claims under the deed of assignment. The plaintiff transferred the note by indorsement. It was duly protested for nonpayment at maturity, and he was compelled to pay it. This action was brought to recover the amount so paid, with interest, and was aided by attachment; writs having been issued and levied upon the lands described. The plaintiff asks that the deed of assignment be set aside, and that the lands be subjected to the payment of his claim. The defendant Braden, although duly served with notice of the action, failed to appear. The defendant Wood, as assignee, appeared and filed an answer, which included a counterclaim. In that he sets out his title to the land, and asks that it be confirmed and quieted, as against the claim of the plaintiff. After the action was brought, the land in controversy was sold, in accordance with the stipulation of parties, and the proceeds thereof were deposited in bank, subject to the decree to be rendered in the case. The district court, on final hearing, dismissed the petition of the plaintiff, gave to the defendant Wood, as assignee, the relief demanded, and ordered the bank to pay to the assignee the money deposited with it.

I. The appellant contends that the assignment to Wood was void because made with preferences. It

1. Assignment for benefit of creditors: preferences.

appears that Braden was the owner of several tracts of land, of a house and lot, and of an interest in several other houses and lots, in Greene county, Pennsylvania, where he then resided; that, on the day he made the assignment, several judgments, valid under the statutes of Pennsylvania, were entered in the court of common pleas in and

for Greene county, some of which may have created liens upon the real estate of Braden in that county, paramount to the deed of assignment; that the judgments so entered were upon instruments in writing made by Braden, in which he empowered any attorney of any court of record to appear for him, and confess judgment against him for certain specified sums, and that the assignee, Wood, was his brother-in-law. It is claimed, also, that, on the day of the assignment, and before it was made, Braden transferred to his mother-in-law, to his daughter, and to one Dr. Brock, shares of the capital stock of a bank, and of certain cattle and horse companies, and that these various acts, including the assignment to Wood, should be regarded as parts of a single transaction; hence that certain creditors were preferred, and that the assignment was, for that reason, fraudulent and void. It is further claimed that the deed of assignment did not describe, and was insufficient to convey, the lands in controversy; that the certificate of acknowledgment was defective; that the deed was not recorded in the proper record of Monona county; and that the record thereof did not impart constructive notice of the deed.

If it be true that the giving of the authority to enter the judgments, and the transfer of the certificates of stock, and the execution of the deed of assignment, should be regarded as parts of a single transaction, it would be contrary to the provision of section 2115 of the Code, and void, under the laws of this state, as being an attempt to make a general assignment with preferences. *Clement v. Johnson*, 85 Iowa, 566, and cases therein cited. The instruments by virtue of which the judgments against Braden were entered were given on various dates, commencing on the twenty-fourth day of November, 1885, and ending on the twenty-first day of September, 1889. That they were given in good faith, for valid considerations, is not

questioned. Braden had no power, unless by their payment, to prevent the entering of the judgments upon them. No evidence was offered which authorizes the conclusion that the judgments were entered at the request or instance of Braden, and it is our opinion that they must be treated as transactions independent of the general assignment.

Braden transferred to Dr. Brock shares of the capital stock of the Farmers' and Drovers' National Bank of Waynesburg, of the value of seven thousand, two hundred and fifty dollars to secure the payment of about seven thousand, seven hundred and fifty dollars. Braden was then owing to Brock a part of that amount, and, for the remainder, Brock was security for Braden. The stock was transferred on the books of the bank on the day the assignment was made, but in fact was assigned to Brock about two weeks before that time. Braden owned thirty-one thousand and eight hundred dollars of the capital stock of the Dowzin & Rush Cattle Company; and the books of that company show that five thousand dollars of that amount was transferred to his daughter, Mrs. Foster, on the fourteenth day of December, 1889, and that ten thousand dollars, on the same date, was transferred to his mother-in-law, Mrs. Howden. It appears, however, that the original assignments were made on the certificates of stock on the twenty-seventh day of November, 1889, and undisputed evidence shows that they were so made before the deed of assignment was executed. It appears that Braden also transferred to his daughter thirty shares of the capital stock of the Rock Creek Horse Company, on a date not shown, although it was before the deed of assignment was made. In March, 1890, the defendant Wood, as assignee, commenced an action in equity in the court of common pleas of Greene county, Pennsylvania, to set aside the transfer of stock to Mrs. Howden, on the alleged ground that it was fraudulent

as to his creditors, but the action has not been determined. The fact that such an action has been commenced proves nothing as to the character of the transfer, nor is the assignee estopped thereby to claim in this action that the assignment is valid. The allegations in his pleading in the Pennsylvania court do not purport to be based upon his personal knowledge, and are entitled to little, if any, weight, as evidence in this case. The transferring of the stock on the day the general assignment was made is a circumstance calculated to arrest attention, but does not, alone, establish fraud. If it was an independent transaction, in no way connected with the assignment, it was authorized by law, and does not affect ‚the assignment. *Farwell v. Cunningham*, 86 Iowa, 67. That Braden was indebted to his mother-in-law and daughter in large amounts, larger than the value of the stock transferred to them, is shown, and not seriously questioned. We are satisfied, from a careful examination of all the evidence submitted, that the plaintiff has failed to show that the entering of judgment and, the transferring of stock were any part of the general assignment.

II. The certificate of acknowledgment attached to the deed of assignment when it was executed did not

2. ——: acknowl-edgment: no-tice.

comply with the requirements of the statute of this state, and the plaintiff was not charged, by the recording of the deed in this state, with constructive notice of its contents; but he was informed on the day that it was executed that Braden had made a general assignment of all his property for the benefit of his creditors, and therefore had actual knowledge of the fact. The deed was on a later date properly acknowledged, and is valid.

III. It is said, however, that it was defective in that it did not describe the land in controversy. The

3. ——: descrip-tion of real estate: valid-ity.

deed purported to assign and transfer to the assignee "all of his [Daniel W. Braden's] property, of every kind and

nature, whether real, personal, or mixed, and wherever situated; the principal part thereof being situated in Greene county, Pennsylvania,  *   *   *   Union, Adair, and Monona counties, Iowa.  *   *   *"   No inventory of the property conveyed, nor list of creditors, was annexed to the assignment, as required by section 2117 of the Code, but that section and section 2124 together provide that the inventory shall not be conclusive as to the amount of the estate conveyed, that the assignment shall vest in the assignee the title to any property of the debtor not specified in the inventory, and that the failure to file an inventory and list shall not render the assignment fraudulent or void.   A statute of Pennsylvania requires the filing of an inventory or schedule of the property assigned within thirty days after the execution of the assignment.   It is shown that such an inventory was filed, that it included the land in controversy, and that the assignment is valid under the laws of Pennsylvania.   We are of the opinion that no sufficient reason for holding it to be invalid under the laws of this state has been shown.

IV.  The cause was tried to the district court and submitted in June, 1891.   Some time thereafter the trial judge notified the attorneys of the parties to the action that the decision would be in favor of the defendant Wood, but that a decree would not be entered until the September term, in order to give the plaintiff an opportunity to appeal and preserve his attachment liens.   On the third day of October, 1891, the plaintiff filed a motion asking leave to amend his answer to the counterclaim of Wood by pleading, in effect, that one or more of the judgments entered against Braden on the twenty-seventh day of November, 1889, were entered pursuant to an agreement with Braden that they should be so entered before the deed of·assignment should be delivered, in order to create

4. Practice: reopening cause: newly discovered evidence.

preferences in favor of the judgment creditors, and that one or more of such judgments were entered, pursuant to such agreement, before the deed of assignment was executed, thereby creating preferences. The motion also asked for leave to introduce newly discovered evidence, which, it was alleged, would sustain the averments of the proposed amendment. It was overruled, and of that ruling the plaintiff complains. The witness whose testimony the plaintiff asked leave to introduce had testified in the cause, and, so far as is shown, had answered fully all questions asked him. The additional testimony proposed was of such a nature that the pleadings and evidence on which the cause was tried and submitted should have suggested inquiry for it, but no diligence to procure it is shown. We are of the opinion that the court did not abuse its discretion in refusing to permit the plaintiff to amend his pleading, and offer additional evidence.

The decree of the district court is AFFIRMED.