DAVID BRADLEY & COMPANY, Appellants, v. R. M. BAILEY, Defendant, and J. U. SAMMIS, Intervener and Appellee.

**General Assignment: DEMURRER.** Code, 2115, provides that a valid general assignment must be without preferences. It was alleged in an attack upon a general assignment that the grantor made several mortgages about the time the deed of assignment was executed, with intent to prefer the mortgagees. *Held*, that on demurrer, such plea sufficiently avers that the assignment was void.

**Practice: ATTACHING ASSIGNED PROPERTY.** Where it is made to appear collaterally that a general assignment is made with preferences which consists of mortgages made about the time the assignment was executed, the property is not *in custodia legis* and may be attached by creditors. *Shoe Co. v. Mercer*, 84 Iowa, 537, and *Lampson v. Arnold*, 19 Iowa, 479, *distinguished.*

**JOINDER: PARTIES.** On an issue whether a general assignment created preferences through mortgages made about the time of its execution, tried between the assignee and general creditors, the preferred creditors are not necessary parties.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 16, 1895.

Action at law aided by attachment against defendant, Bailey. J. U. Sammis intervened, claiming the attached property as assignee for the benefit of Bailey's creditors. Plaintiff replied, contesting the validity of the assignment, claiming that it is void by reason of preferences. Intervener demurred to the reply, which demurrer was sustained, and plaintiff appeals.— *Reversed.*

*Argo, McDuffie & Reichmann* and *Wright & Baldwin* for appellants.

*Sammis & Scott* for appellee.

Deemer, J. On February 27, 1894, plaintiff brought this action to recover of defendant, Bailey, the amount due and to become due upon twelve promissory notes executed by said Bailey, and the further sum of two hundred and twenty-nine dollars and three cents upon an open account. It alleged sufficient grounds for attachment, and thereupon a writ issued, which on February 28th was levied upon certain personal property of defendant, Bailey. April 16, 1894, one J. U. Sammis intervened in the action, claiming title and right to the possession of the property levied upon, under a deed of assignment executed to him by defendant, Bailey, on the third day of February, 1894, and duly recorded on the twenty-third of February of said year. Thereafter plaintiff filed its answer to the petition of intervention, in which it in substance admitted the execution of the deed of general assignment. It also alleged that within five minutes of the recording of the deed of assignment a certain mortgage was placed on file, covering part of the assigned goods, from Bailey to one Pageler, to secure an alleged indebtedness of two thousand five hundred dollars; that in December, 1893, Bailey purchased some real estate in South Dakota for

the sum of one thousand dollars, and to secure an alleged indebtedness due his wife, Minnie Bailey, the title was taken in her name; that on February 21, 1894, Bailey and his wife, to secure an alleged indebtedness due one Carrie Bailey, deeded by warranty deed a certain lot in the town of Le Mars to said Carrie Bailey, which was placed on record at or about the time of the recording of the deed of general assignment; that on or about February 19, 1894, Bailey purchased from one Woodward certain other lots in Le Mars, and agreed to pay him therefor in certain property from his stock of goods; that the title to said lot was taken in the name of Minnie Bailey, to secure an alleged indebtedness due her; that afterward Woodward assigned his claim against Bailey to one Heitsma; that about the time of the making of the deed of assignment the said Heitsma agreed to receive from Bailey certain property in satisfaction of his claim; that immediately after the filing of the deed of assignment Bailey delivered to Heitsma the property agreed upon, and in this manner settled and paid the indebtedness due Heitsma after the making and recording of the deed of assignment; that at the date of all these transactions Bailey was insolvent. Plaintiff further alleged that in the making of all these transfers Bailey intended to, and did in fact, make a general assignment for the benefit of his creditors, and that the same were made with intent to give preference to those last mentioned; that all of said instruments and transfer were intended to, and did in fact, constitute, as a whole, a general assignment of the property of Bailey for the benefit of his creditors, with preferences to certain of them; that by the conveyances aforesaid Bailey conveyed all his property, and that they were executed at the same time, and as parts of one and the same transaction, and at the time of the execution thereof Bailey was insolvent, and that he intended by the execution of such conveyances, deeds,

and mortgages to make a general assignment for the benefit of his creditors, with preference to some of them, and that said transactions did constitute a general assignment with preferences to some of the creditors, and is therefore void; that in the execution of these transfers the defendant, Bailey, was guilty of fraud, and that they were all executed with intent to hinder, delay, and defraud the creditors of Bailey, in which intent Sammis participated.    To this answer intervener demurred upon the following grounds: "(1) Plaintiff, by said answer, attempts to attack the general assignment, valid on its face, and the assignee's title to the assigned property, collaterally. (2) Said answer fails to state any defense to the cause of action set out in intervener's petition, for that it shows upon its face that no preference was made or intended in the execution of the assignment under which intervener claims; that it shows upon its face that the various instruments referred to in said answer were not executed at the same time, and were not parts of one and the same transaction; that all of said instruments together do not constitute a general assignment; but that said answer affirmatively shows that the several instruments referred to were executed at different times, to different parties, based upon a different consideration; and that they were executed with knowledge and consent of grantees named in the several instruments." This demurrer was sustained by the lower court, and plaintiff brings error.

I.    We set out the grounds of the demurrer in full, in order that the exact questions presented by this appeal may be understood.    The first one is:    Was the property attached in this case, under the facts pleaded

in the answer to the petition of intervener, *in custodia legis*, so that it cannot be taken on attachment?

2 . There is much contrariety of opinion upon the question as to whether property in the hands of an assignee is *in custodia legis*, and as to whether a deed of assignment may be collaterally attacked; and our purpose will be to determine whether, under the facts pleaded in plaintiff's answer, the property attached was *in custodia legis*. Our statute (Code, section 2115) provides: "No general assignment of property by an insolvent or in contemplation of insolvency for the benefit of creditors shall be valid unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims." The answer in this case recites that the general assignment in this case consisted not only of the deed of assignment proper, but the other mortgages and conveyances as well. That they were all made at practically the same time, and with the intent that all, taken together, should amount to a general assignment. That a general assignment may be made has been the universal holding of this court. *Burrows v. Lehndorff*, 8 Iowa, 96; *Cole v. Dealham*, 13 Iowa, 551; *Van Patten v. Burr*, 52 Iowa, 518 (3 N. W. Rep. 524); *Moore v. Church*, 70 Iowa, 208 (30 N. W. Rep. 855); *Perry v. Vezina*, 63 Iowa, 25 (18 N. W. Rep. 657); *Farwell v. Jones*, 63 Iowa, 316 (19 N. W. Rep. 241); *Bank v. Crittenden*, 66 Iowa, 237 (23 N. W. Rep. 646); *Kohn v. Clement*, 58 Iowa, 589 (12 N. W. Rep. 550); and other cases

3 cited in the Digest. Whether a deed of assignment which is executed at or about the same time as other conveyances or mortgages upon a debtor's property may be considered with such other conveyances as constituting a general assignment for the benefit of his creditors is a question of intention, to be arrived at from all the circumstances in the case. If, as is alleged in this case, Bailey intended all these

papers to constitute and be a general assignment for
the benefit of his creditors, then it is invalid under the
statute before quoted, because it is not for the benefit
of all his creditors in proportion to the amount of their
respective claims. It gives to some a preference over
others, and is therefore void. It must not be assumed
from what we have said that a debtor cannot make a
partial assignment of his property, or that he cannot
secure a part of his creditors in full, and afterward
make an assignment for the benefit of the remaining
creditors. Such right has too long been recognized to
be now overthrown, and we are not establishing a rule
in conflict therewith. What we do hold is that, under
the allegations of the answer, the transactions referred
to therein, by reason of the intent of Bailey, constituted
a general assignment for the benefit of creditors, void
by reason of preference given to some of them. If it
should turn out on trial that no such thing was intended
by the execution of these papers, that but a partial
assignment was designed by Bailey, or that no thought
of making a general assignment was in his mind when
the mortgages and conveyances were made, then the
assignment was valid, and not subject to the
objection now being considered. It is said, how-
ever, that as soon as the deed of assignment was
executed the property covered by it became subject to
the control of the court, was in the custody of the law,
and not subject to attachment. This view overlooks
the fact that the statute declares an assignment with
preferences invalid. If invalid, it has no force, and is
as if never executed. If the assignment is void, how
does the court acquire jurisdiction of the property?
Will the court execute a void trust? Will it recognize
the preferred claims, and pay them to the prejudice of
other claims? Will it, in the face of a statute declar-
ing the assignment invalid, proceed to treat it as valid,
and assume to distribute the proceeds as against the

express will of the assignor?    It seems to us that
there is no escape from the conclusion that an assign-
ment with preferences is void, and that creditors
may levy upon the property of their debtor, and subject
it to the payment of their debts, notwithstanding the
execution of the deed of assignment.   Such an assign-
ment has no force, and does not operate to place the
property of the assignor *in custodia legis*.   The volun-
tary act of the debtor is required before the court may
assume jurisdiction over his property, and until this
act is done in accord with the statute the property is
not in the custody of the law; at least not so far *in
custodia legis* but that creditors may attach it.   This
conclusion is not in conflict with the opinion of this
court in the case of *Shoe Co. v. Mercer*, 84 Iowa, 537 (51
N. W. Rep. 415).   In that case the exact question we are
now discussing was reserved, and it is expressly said:
"But we are not to be understood as holding that an
assignment invalid or void as contravening the provis-
ions of the statute will operate to place the assigned
property in such custody."   We may with profit, in view
of the arguments of counsel, quote also this sentence
from that opinion.   "We think, without doubt that where
an assignment is regularly made, and the assignee is in
possession of the property for the settlement of the
estate, such property is in the custody of the law."   In
this case we hold that under the allegations of the
answer the assignmeent was not regularly made, and
that it is in contravention of the statute.   Note, too,
that the only question in the *Shoe Co. Case* was whether
an alleged fraudulent designation in the schedule of
claims of certain persons as creditors who had no claims
against the assignor rendered the assignment invalid.
It was held that it did not, and what is said by way of
argument has reference to this state of facts.   The case
of *Mehlhop v. Ellsworth* (decided at the present term)

95 Iowa, 657 (64 N. W. Rep. 638), is in harmony with this opinion.

Again, it is suggested in argument that, as the holders of the deeds and mortgages are not parties to this action, the assignment cannot be declared fraudulent, and the relief asked by plaintiff granted. This objection is not made a ground of demurrer, and, if it were, we can see no force in the suggestion. Plaintiff is resisting a claim made by the intervener under a deed of assignment upon the ground that this deed of assignment is part of a general assignment which is invalid. If it succeeds in its claim, then it proceeds with its attachment as against any claim of the intervener to the property. Whether the transfers by way of mortgage and deed to the so-called "preferred creditors" are valid or not will not, of course, be determined in this action. If the parties holding these conveyances or mortgages make any claim to the attached property, they may assert it in proper proceedings. Perhaps a suit in equity against all these parties would lie to set aside all the deeds, mortgages, and conveyances, as well as the deed of assignment; and it may be that this would be the most efficacious remedy. But it will be time to decide these questions when they are properly presented. Our conclusions on this branch of the case are fully sustained by authority. See *Van Horn v. Smith,* 59 Iowa, 142 (12 N. W. Rep. 789); *Van Patten v. Burr,* 52 Iowa, 518 (3 N. W. Rep. 524); *State v. Rose* 58 N. W. Rep. [N. D.] 514; *Farmer v. Cobban* 29 N. W. Rep. [Dak.] 12; *Wright v. Lee* 55 N. W. Rep. [S.D.] 931; *Lesher v. Getman,* 28 Minn. 93 (9 N. W. Rep. 585).

II.  The second ground of demurrer presents the question as to whether the answer pleads facts amounting to a general assignment void because of preferences. Counsel for appellees rely upon *Lampson v. Arnold,* 19

Iowa, 479, wherein it is stated that: "It is still competent for any debtor to pay a part of his creditors in full, to secure another part by mortgage or deed of trust upon a part of his property, to make a partial assignment of such other property for the benefit of certain other of his creditors, with or without preference, and afterward to make a general assignment. The statute simply provides that such general assignment shall not be valid unless it is made for the benefit of all *pro rata.*" We are quite content with this rule. The only difficulty is in applying it to facts of this case. According to the allegations of the answer, the transfers, mortgages, and conveyances were not distinct and separate, but were parts of one transaction, made for the purpose of effecting a general assignment for the benefit of creditors, in which some were preferred. The answer distinctly alleges that Bailey intended them all as parts of one transaction, and intended thereby to make a general assignment. The fact that these conveyances were executed at or about the same time is not, it is true, necessarily controlling. It is the intent of the debtor, as we have before stated, which is determinative of the question. The case is very like *Van Patten v. Burr, supra.* See also, *Moore v. Church, Perry v. Vezina,* and *Bank v. Crittenden, supra;* also *Lumber Co. v. Ott,* 142 U. S. 622 (12 Sup. Ct. Rep. 318). The lower court erroneously sustained the demurrer to the plaintiff's answer, and the judgment is *reversed.*