## VAN HORN v. SMITH, SHERIFF, ET AL.

1. **Assignment for Benefit of Creditors:** FACTS CONSTITUTING: VOID FOR PARTIALITY. Where a husband executed to his wife an assignment of all his personal property (his real estate being encumbered to about the full extent of its value), the only consideration of which assignment was an agreement made by the wife, in a chattel mortgage which she executed the next day, which embraced all the property included in the assignment, and wherein the creditors of the husband were divided into three classes, which creditors she agreed to pay, giving preference to the classes in their order, *held* that the assignment and chattel mortgage constituted parts of the same transaction, and, in legal contemplation, amounted to a general assignment for the benefit of creditors; and that, as such an assignment, it was void, because it gave preference to certain creditors.

2. **Practice:** INSTRUCTIONS: ERROR CURED BY JUDGMENT. Where there was error in neglecting to submit to the jury plaintiff's demand for rent, but the defendant consented to judgment for the highest amount that could have been recovered under the evidence, *held* that the error was cured by the judgment.

3. ———: ORDER OF ARGUMENT: DISCRETION OF COURT. Where, upon the principal issue in the case, the burden of proof was on the defendant, the order of argument rested largely in the discretion of the court; and the fact that defendant was allowed to open and close the argument is no ground for reversal.

4. **Evidence:** DEPOSITION: READING PART ONLY. Where defendants had taken plaintiff's deposition, they were properly allowed, against plaintiff's objection, to read a part of it, without reading the whole, for the purpose of establishing an admission on the part of plaintiff. The plaintiff might have introduced the whole of it, if she had been so advised.

*Appeal from Marshall Circuit Court.*

FRIDAY, JUNE 16.

IN the first count of her petition the plaintiff alleges that the defendants wrongfully seized and converted to their own use a stock of goods of which the plaintiff was the owner, whereby she was damaged in the sum of $10,000.

In the second count of her petition the plaintiff alleges that the defendants took possession of certain premises of which

she was the owner and occupied them for six months, and that the rental thereof was reasonably worth $300. The cause was tried to a jury which returned answers to special interrogatories, and a general verdict for the defendant. The motion for a new trial was overruled as to the first count.

Upon the second count, by consent of defendant, judgment[1] was rendered in favor of plaintiff for one hundred and twenty-five dollars and ten dollars costs. The plaintiff appeals. The material facts are stated in the opinion.

*Henderson, Carney* and *W. A. Tewksbury*, for the appellant.

*Boies & Couch* and *Nichols & Burnham*, for the appellee.

DAY, J.—On the 21st day of April, 1876, W. B. Van Horn was in the drug business in the city of Vinton, Iowa. He owed debts, secured by mortgages upon all his real estate, which was encumbered to about the full extent of its value, amounting to about $11,700. The defendant, S. H. Watson, was the holder of this debt to the extent of $2,640 and interest, for which he held a third mortgage upon the real estate referred to. W. B. Van Horn also owed unsecured debts amounting to about $7,000, of which $440 was owing to defendant Watson. On the 21st day of April, 1876, W. B. Van Horn, for the expressed consideration of $7,000 executed to his wife, the plaintiff, an assignment of his entire stock of goods, wares and merchandise, whether in store or in transit, all books of account, and his personal property not exempt from execution.

The plaintiff at that time had no property other than the store room in which the goods were kept, valued at about $3,500. She paid no cash consideration, and was fully aware of her husband's financial condition.

She claims that at the time of the assignment, and in consideration thereof, she agreed unconditionally to pay all her husband's unsecured debts. The jury, however, found speci-

ally, that the only agreement made by the plaintiff in consideration of the transfer to her, is contained in a chattel mortgage which she executed the next day, and this finding is abundantly supported by the evidence. This chattel mortgage embraces all the property included in the assignment to the plaintiff, and purports to be executed to certain persons named in the schedules "A", "B" and "C".

Schedule "A" embraces thirty creditors, representing debts amounting to $4,545.94. Schedule "B" embraces only the defendant Watson, representing a debt of $440. Schedule "C" embraces other creditors, representing debts amounting to $2,159.76.

In the chattel mortgage the plaintiff agrees to pay: *First,* to the creditors named in schedule "A" twenty-five per cent of their claims, on the first day of June, 1876, and a like per cent on the first day of each succeeding month. *Second:* To the creditors named in schedule "B" on the first day of the month after, fifty per cent of the debts named in schedule "A" shall be paid, ten per cent, and a like per cent on the first day of each succeeding month, with interest at ten per cent. *Third:* To the creditors named in schedule "C" on the first day of the month, after the debts referred to in schedule "B" shall be paid, ten per cent, and a like per cent on the first day of each succeeding month, with interest at seven per cent. The creditors named in schedule "C" are all relatives of the plaintiff, the bulk of the debts being held by her father and sister. On the 14th day of March, 1877, she executed a mortgage upon her real estate, before referred to, to secure these creditors.

The chattel mortgage contains the following provision: "This transfer and assignment is upon the further express condition and agreement, to-wit: That the creditors named in schedule "A" shall have the prior and paramount interest in, and lien upon, said property, until fifty per cent of their respective claims, hereby secured, are paid. Then they and the creditors in schedule "B" shall stand on an equality as to

the said property, but their interest in and lien upon it shall be paramount to the creditors named in schedule "C". That the possession of all property herein described shall continue with the grantor until she is in default in some of the payments promised by her for forty days, and even then the owner of the payment so in default for said time shall be entitled hereunder only to the possession of so much of said property as is necessary to pay said payments so in default for said time * * * * *. Any creditor accepting or taking any benefit arising out of this instrument or the agreement between grantor and W. B. Van Horn, agrees that he will not enforce or attempt to enforce payment of the indebtedness of said W. B. Van Horn, until the same becomes due under the promise of the grantor to pay the same."

This chattel mortgage was left in the possession of the plaintiff's legal adviser but was not recorded for some time. The defendant, Watson, never assented to, nor in any way recognized or accepted the provisions of this chattel mortgage.

On April 28, 1876, S. H. Watson served notice of action, and on May 3d filed petition claiming of W. B. Van Horn the several sums due from him. On May 18th Watson amended his petition alleging that Van Horn had disposed of his property with intent to defraud his creditors, and asking an attachment, which was duly issued, and, on the same day levied upon the stock of goods embraced in the assignment to the plaintiff. Afterward, pursuant to finding of a sheriff's jury that the property was of a perishable nature, it was duly sold by the sheriff. All the real estate of Van Horn was absorbed by the mortgages, which were prior in time to that of defendant Watson. The evidence shows clearly that it was the expectation of the plaintiff to pay the debts referred to in her mortgage out of the proceeds of the sale of the property assigned to her. After the assignment, no visible change was made in the possession of the goods, and the business was conducted, apparently, as before.

I.   The appellant complains of certain instructions to the effect that the bill of sale, by placing the property of Van Horn beyond the reach of the ordinary process of the law, and driving his creditors to the necessity of bringing an action to determine the validity of plaintiff's title, hindered the creditors of Van Horn, and that if it was the intention of Van Horn and the plaintiff to so hinder and delay the defendant Watson, the bill of sale was fraudulent, and that if the so called mortgage was a part of the original transaction, the transaction was invalid and void, as the mortgage evinces purpose to hinder the collection of his debt.   We do not deem it necessary to determine the validity of these, and like instructions, as in the view which we take of the case, under the established facts of this case, the transaction is void as to the defendant Watson for a different reason.

The conveyance by Van Horn to his wife embraced all his available property.   The jury have found specially that the mortgage contains the true understanding and agreement of the parties to the bill of sale as to the time and manner in which to pay the indebtedness assumed by plaintiff, and that such understanding and agreement form the only consideration paid or agreed to be paid by plaintiff for the goods mentioned in the bill of sale, and that at the date of the bill of sale in question plaintiff did not have, and both parties thereto knew she did not have, the means to pay the debts of Van Horn, assumed by her, as the same came due.   The bill of sale, and the mortgage, under the findings of the jury, constitute parts of the same transaction, and, in legal contemplation they amount simply to a general assignment for the benefit of creditors. As a general assignment for the benefit of creditors it is void because it gives a preference to creditors.   It provides that the creditors named in schedule, "A" shall be paid fifty per cent of their debts before Watson, who is embraced in schedule "B" shall be paid any thing; and that the creditors named in schedule "A" shall have a prior and paramount

1. ASSIGN-
MENT for ben-
fit of creditors:
facts constitu-
ting : void for
partiality.

interest in and lien upon the property until fifty per cent of their respective claims are paid.    That a general assignment for the benefit of creditors, which prefers some is void, see *Burrows v. Lehndorf*, 8 Iowa, 96; *Cole v. Dealham*, 13 Iowa, 551; *Van Patten & Marks v. Burr*, 52 Iowa, 518. As the transfer of the property in question was invalid, it was subject to seizure as the property of W. B. Van Horn, for the satisfaction of the debt of the defendant.

II.    The plaintiff complains of the failure of the court to submit to the jury the claim of the plaintiff for rent of the premises.    The evidence shows that defendants occupied the plaintiff's premises from the 18th of May to the 27th of June, two and one-third months, when they tendered the keys to the plaintiff.    The highest rental value placed upon the premises by any witness is $50 per month.    By consent of defendants, judgment was rendered in favor of the plaintiff on account of the rent for $125.    If there was error in neglecting to instruct upon this issue it has been cured by the action of the defendants.

*2. PRACTICE: instructions: error cured by judgment.*

III.    Upon the conclusion of the testimony the court granted to the defendants the right to open and close the argument.    This action of the court is assigned as error.    The defendants admitted the taking of the goods, but denied that the plaintiff was the owner thereof, and denied the other material allegations of the petition.    The bill of sale, upon its face, vested the legal title to the goods in plaintiff.    The defense of the defendants consisted in showing the invalidity of this title.    This was the principal issue in the case and the burden of proof, as to it, was upon the defendants. . Under the circumstances of this case, the order of argument rested largely in the discretion of the court, and does not justify a reversal unless there is clearly an abuse of discretion and prejudice.    See *Smith, Toogood & Co. v. Clarke*, 9 Iowa, 376; *Woodward v. Laverty*, 14 Iowa, 381; *Viele v. Germania Ins. Co.*, 26 Iowa, 9 (44); *Ashworth v.*

*3. ——: order of argument: discretion of court.*

*Grubbs*, 47 Iowa, 353; *Delaware Co. Bank v. Dumont*, 48 Iowa, 493.

IV. The defendants took a deposition of the plaintiff, and were allowed, against the objection of the plaintiff, to read a part of it to the jury. This action is assigned as error. A portion of the deposition of plaintiff was admissible as containing an admission. The case differs from *Kilbourne, Jenkins & Co. v. Jennings &. Co.*, 40 Iowa, 473, cited by appellant, in which the deposition was that of a party in whose favor it was introduced and was not offered to establish an admission. Besides the plaintiff introduced other portions of her deposition and might have introduced it all if she had been so advised. The argument of the appellant is general, without division or specific reference to the errors assigned. What we have said substantially disposes of the case. We discover in the record no error which could have operated to the prejudice of the plaintiff.

4. EVIDENCE: deposition: reading part only.

AFFIRMED.