ALBERT N. WATSON v. ST. PAUL CITY RAILWAY COMPANY.

May 22, 1899.

Nos. 11,611—(115).

### Death by Wrongful Act—Street Railway—Evidence.

In an action by an administrator to recover under the provisions of G. S. 1894, § 5913, in which there was a trial by the court without a jury, and on findings of fact judgment was ordered for plaintiff, it is *held* that the finding that the cause of the death of plaintiff's intestate was the accident complained of was supported by the evidence.

### Judgment in Former Action not a Bar to This Action.

*Held*, that the judgment in a former action between these parties (Watson v. St. Paul City Ry. Co., 70 Minn. 514), is not a bar to a recovery in this, because a cause of action was not stated in the complaint in the former action.

### Second Action—Admission of Deposition Taken in First.

The general rule is that the admissibility, on the trial of a second action, of a deposition taken in a former one, is made to turn upon the identity of the matters in issue, and the opportunity of the party against whom the deposition is offered to cross-examine the witness, rather than upon the perfect mutuality of the parties.

### Same—G. S. 1894, § 5681.

In the former action, judgment on the merits was ordered, on the pleadings, against the defendant, because the complaint did not state a cause of action. In effect, the judgment amounted to a dismissal. *Held*, that the deposition of a nonresident, taken in the former action,

was admissible on the trial of this, under the general rule, and by virtue of the provisions of G. S. 1894, § 5681.

### Offering Deposition in Evidence.

> The party offering evidence taken by deposition is not obliged to offer or to read the whole deposition. He may offer and read parts, subject to the order of the court that the whole be read at the same time.

Action in the district court for Ramsey county by the administrator of Lena E. Watson, deceased, to recover $5,000 damages on account of the death of decedent. The case was tried before Brill, J., who found in favor of plaintiff, and assessed the damages at $1,000. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*Munn & Thygeson,* for appellant.

It was error to exclude the deposition. Mabe v. Mabe, 122 N. C. 552; Wertz v. May, 21 Pa. St. 274; Adams v. Raigner, 69 Mo. 363; Stewart v. Register, 108 N. C. 588; 1 Greenleaf, Ev. § 553; 1 Taylor, Ev. § 434; 3 Jones, Ev. §§ 699–703. The judgment was not a bar. Ruegger v. Indianapolis, 103 Ill. 449; Thompson v. Myrick, 24 Minn. 4; Bazille v. Murray, 40 Minn. 48, 50; Northern T. Co. v. Crystal L. C. Assn., 67 Minn. 131, 135; Veline v. Dahlquist, 64 Minn. 119. As to judgments upon stipulation, see Cameron v. Chicago, M. & St. P. Ry. Co., 51 Minn. 153; Abbott v. Anheuser-Busch B. Assn., 60 Minn. 266; 1 Freeman, Judg. § 262; Walton v. Chicago, St. P., M. & O. Ry. Co., 12 U. S. App. 511.

*M. A. Spooner,* for respondent.

The deposition was not admissible. The provisions of G. S. 1894, § 5690, are exclusive. The complaint in the former action did not state a cause of action, and no evidence was admissible thereunder. Regardless of the statute, the deposition was inadmissible because no evidence was admissible in the former action. Stewart v. Register, 108 N. C. 588. The judgment was not a bar. The allegation in the answer that in the former action an identical cause of action is set forth is insufficient. Brastow v. Barrett, 82 Me. 166. The pleadings must speak for themselves. West v. Hennessey, 58 Minn. 133; Swanson v. Great Northern Ry. Co., 73 Minn. 103; Gould v.

Evansville & C. R. Co., 91 U. S. 526; Hughes v. United States, 4 Wall. 232; Bennett v. Southern, 61 Mo. App. 297; Wells v. Moore, 49 Mo. 229; Nickelson v. Ingram, 24 Tex. 630; Gilman v. Rives, 10 Pet. 298; Smith v. McNeal, 109 U. S. 426; Jacob v. Day, 111 Cal. 571; Griffin v. Seymour, 15 Iowa, 30; Birch v. Funk, 2 Metc. (Ky.) 544; Campbell v. Hunt, 104 Ind. 210; Kirsch v. Kirsch, 113 Cal. 56; Braun v. Wisconsin, 92 Wis. 245; Detroit v. McCammon, 108 Mich. 368; Cromwell v. County of Sac, 94 U. S. 351; Memphis City Bank v. Tennessee, 161 U. S. 186; Cobb v. Fogg, 166 Mass. 466; Nashua v. Boston, 164 Mass. 222; Ryan v. Potwin, 62 Ill. App. 134; Northern Pac. R. Co. v. Smith, 32 U. S. App. 573; Maloney v. Nelson, 16 Misc. (N. Y.) 474; Condon v. Knoxville (Tenn. Ch. App.) 35 S. W. 781; Harper v. Baird (Ky.) 35 S. W. 638; Rackley v. Fowlkes, 89 Tex. Civ. App. 613; Reynolds v. Lincoln, 71 Cal. 183; Greene v. Merchants, 73 Miss. 542; Schwan v. Kelly, 173 Pa. St. 65.

COLLINS, J.[1]

This action, to recover under the provisions of G. S. 1894, § 5913, was tried by the court without a jury; and, upon findings of fact, judgment was ordered for plaintiff in the sum of $1,000. The defendant's appeal is from the judgment entered pursuant thereto.

1. It is contended that the court erred in finding that the accident complained of was the cause of the death of plaintiff's intestate. This, of course, involves the sufficiency of the evidence to support the challenged finding. It is true that the evidence tended to show that the deceased had been suffering from what the physicians called "pernicious, progressive anæmia," prior to the accident; but there was also evidence tending to establish plaintiff's claim that she had nearly recovered from her illness when she was injured while a passenger on one of defendant's electric cars, and that this injury brought on another attack of the disease. There was a large amount of evidence upon the question as to what was the cause of the death, and undoubtedly it was very carefully examined and weighed by the learned trial judge who heard the same and made the findings. An examination of the evidence compels us to say

[1] BUCK, J., absent.

that we cannot set aside the finding upon the ground that there was no evidence to support it.

2. It is also contended that the trial court erred in holding that the judgment in an earlier case between these parties was not res judicata in this action. The judgment referred to was that affirmed in Watson v. St. Paul City Ry. Co., 70 Minn. 514, 73 N. W. 400. It is true, as was set forth in the answer herein, and as was admitted on the trial, that the former action was, by mutual agreement, submitted to the court below on the merits, on motion for judgment on the pleadings; such motion being made by defendant's counsel. But the decision turned upon the right of a widower to have the benefit of G. S. 1894, § 5913; and it was held that he was not entitled,—that he was not next of kin. In effect, the ruling was that the complaint failed to state facts sufficient to constitute a cause of action. The motion for judgment on the pleadings was nothing more, practically, than a general demurrer to the complaint, and the decision simply amounted to holding that a cause of action was not stated. In the complaint in this action sufficient facts were averred, and plaintiff's right to recover under the statute was made to appear, because it was alleged that deceased left surviving her, as next of kin, a daughter aged 11 years. The plaintiff failed in the first action because he omitted an essential allegation in his complaint, which omission was fully and adequately covered in the complaint in the second suit. The point made as to the effect of the judgment in the first action is fully covered by Swanson v. Great Northern Ry. Co., 73 Minn. 103, 75 N. W. 1033, and cases cited.

3. The evidence of Dr. French, a nonresident female physician who was the medical attendant of the deceased subsequent to the accident and at the time of her decease, had been taken by deposition by plaintiff in the first action, had been returned in due form, had been filed in the office of the clerk of the court, and had there remained. When the deposition was taken, counsel for both parties appeared, and took part in the examination and cross-examination of the witness. At the trial of the second action, defendant's counsel offered a portion of this deposition in evidence, and it was objected to upon two grounds only—First, because the deposition

was taken in another action, which had been finally determined; and, second, because a part only of the deposition was offered. The objection was sustained. In the part of the deposition offered by counsel and excluded by the court, it appeared that the witness had stated, in the certificate of death made out by her in accordance with the law of the state of Iowa, that the cause of death was "progressive, pernicious, acute anæmia," and also that she testified that it was an extreme case. This was original evidence of the cause of the death from one of plaintiff's witnesses, the physician in attendance when the death occurred. Its materiality on behalf of defendant is evident. If it was erroneously excluded, it cannot be said to have been without prejudice.

The first ground of objection is based by plaintiff's counsel upon G. S. 1894, § 5681, which enacts that

"When the plaintiff in any action discontinues it, or it is dismissed for any cause, and another action is afterward commenced for the same cause between the same parties,   *   *   *   all depositions lawfully taken for the first action may be used in the second."

The contention is that this provision is exclusive, and unless there has been a discontinuance or dismissal, strictly speaking, the deposition in question could not be used in the second action. The general rule is that the admissibility on the trial of a second action of a deposition taken in a former one is made to turn upon the identity of the matters in issue, and the opportunity of the party against whom the deposition is offered to cross-examine the witness, rather than upon the perfect mutuality between the parties. Lougee v. Bray, 42 Minn. 323, 44 N. W. 194. Here the parties were identical; counsel for both had the opportunity to, and did, examine and cross-examine; and the new allegation in the second complaint might well have been incorporated in the first by amendment. The real issue in each case was the plaintiff's right, as administrator, to recover damages for the benefit of the next of kin, when the death of the intestate had, it was averred, been caused by the wrongful acts of the defendant. Although it was alleged in the first complaint that the surviving husband was next of kin, and in the second that the next of kin was the daughter, there was sufficient identity

of the matters in issue to bring the deposition within the rule. This being the fact, it would seem that it was admissible on the trial of the second action, without regard to the statute.

But, under a fair interpretation of section 5681, and unless we are to construe it in an extremely technical manner, the deposition was admissible; for, in effect, the first action was dismissed, although the decision of the court was upon a motion for judgment on the pleadings. A very narrow view of the provisions of section 5681 would prevail, should we hold that a practical dismissal of an action, no matter in what form, is not covered by it.

Our conclusion is that the deposition was admissible.

4. Parts only of the deposition were offered, and, as before stated, the second objection was placed on this ground. A party offering evidence taken by deposition is not bound to offer or to read the whole deposition. He may offer and read portions, subject to the right of the court to order that all be read at the same time. And, of course, he cannot prevent the other party from reading other relevant and material portions. The trial court should have received in evidence such parts of the deposition as were offered by defendant's counsel, no other objections being offered than the two we have discussed; and for this error a new trial must be had. This conclusion renders it useless for us to pass upon the claim that the court erred in its rulings on the admission of evidence. An examination of the questions might possibly be of assistance at another trial, but the record is somewhat confused and obscure. We therefore decline to discuss the rulings.

Order reversed and a new trial granted.