## CROTTY v. CHICAGO GREAT WESTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1909.)

No. 2790.

1. DEPOSITIONS (§ 95*)—EVIDENCE—READING OF PART ONLY.

There is no sound objection to the reading of a part only of a deposition, if what is read does not consist of mere fragmentary excerpts, a correct appreciation of which depends upon the context, and the opposite party be left at liberty to read what is omitted.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 276, 277; Dec. Dig. § 95.*]

2. APPEAL AND ERROR (§ 1097*)—SECOND WRIT OF ERROR—LAW OF THE CASE— CHANGE IN EVIDENCE OR FACTS.

Propositions once considered and decided by an appellate court in a given case cannot be reconsidered by that court upon a second writ of error in the same case; but this does not prevent the consideration upon the second writ of such questions as may arise from a substantial change in the evidence or in the established facts at an intervening trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358– 4368; Dec. Dig. § 1097.*]

3. MASTER AND SERVANT (§ 216*)—ASSUMPTION OF RISK—UNUSUAL AND NEG- LIGENT CONDUCT OF CO-SERVANT WHOSE ACT A STATUTE ATTRIBUTES TO THE MASTER.

Where a brakeman, at the direction of his conductor, goes between a moving train and car, separated by a space of seven feet, for the purpose of holding a post between them so that the car can be staked over a switch, and the conductor then negligently causes the train to be moved in the direction of the car with unusual, unnecessary, and increasing force and speed, whereby the brakeman is fatally injured, the enhanced and extraordinary peril arising from the conductor's negligence is not among the risks assumed by the brakeman, there being a statute attributing the conductor's negligence to the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 567– 573; Dec. Dig. § 216.*]

4. MASTER AND SERVANT (§ 248*)—NEGLIGENCE OF INJURED PERSON AS A KNOWN CONDITION AFFECTING DUTY OF ANOTHER—SUPERVENING NEGLI- GENCE OF LATTER.

Where a brakeman, at the direction of his conductor, negligently takes a position of peril between a moving train and car, separated by a space of seven feet, for the purpose of holding a post between them so that the car can be staked over a switch, a position in which the brakeman is without power to take precautions for his own safety and is dependent upon such as are taken by the conductor, and the latter, with that as one of the existing and known conditions affecting his duty in the premises, negligently causes the train to be moved in the direction of the car with unusual, unnecessary, and increasing force and speed, whereby the brakeman is fatally injured, the negligence of the latter in taking the exposed position is no defense to an action for his death grounded upon

the supervening negligence of the conductor, there being a statute attributing the conductor's negligence to the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 804; Dec. Dig. § 248.*]

5. LIMITATION OF ACTIONS (§ 127*)—COMPUTATION OF PERIOD—PLEADING—AMENDMENT TO PETITION.

An amendment to a petition which sets up no new cause of action, demand, or charge, but merely amplifies and gives greater precision to the allegations supporting the cause of action, demand, or charge originally presented, relates back to the commencement of the action, and the running of the statute of limitations is arrested at that point.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Northern District of Iowa.

See, also, 141 Fed. 913, 73 C. C. A. 147, 4 L. R. A. (N. S.) 832.

R. P. Roedell and H. C. Kenline (Maurice O'Connor, on the brief), for plaintiff in error.

W. J. Ainsworth (A. G. Briggs, M. F. Healy, Thomas D. Healy, and Robert Healy, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

VAN DEVANTER, Circuit Judge. This case is before us a second time. It is an action by an administratrix to recover damages for the death of her intestate, James J. Crotty, which occurred while he, as a brakeman in the defendant's service, was participating in staking a loaded coal car over a switch connecting two parallel tracks, a process in which the force of a freight train moving backward on one track was applied to the coal car on the other track by means of a post held between the rear car of the train, a caboose, and the coal car. When the staking began, Crotty attempted to hold the post in a diagonal way between the nearest corners of the caboose and the coal car, but later, at the conductor's direction, attempted to hold it between the coupler of the caboose and the coal car. As the staking advanced, the coal car came gradually to be in front of the caboose, considering the direction in which the latter was moving, and while they were moving in that relation, separated by the length of the post, seven feet, the post slipped and fell, the cars came suddenly together, and Crotty was crushed to death. Several acts of negligence, attributable to the defendant under the local statute, were charged in the petition, but the only ones which the evidence produced at the first trial tended to establish were that staking, although known to be dangerous, was resorted to by the conductor's direction when other and entirely safe methods of moving the car over the switch were reasonably open, and that by the conductor's direction an engine and train were used in the staking when the use of an engine alone was reasonably possible and was known to be attended with less danger. Upon that trial the plaintiff obtained a verdict and judgment, but upon a writ of error this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court, being of opinion that the undisputed evidence established that Crotty had assumed the risk of injury and was guilty of contributory negligence, reversed the judgment and remanded the case for a new trial. 73 C. C. A. 147, 141 Fed. 913, 4 L. R. A. (N. S.) 832.

Among the acts of negligence charged in the petition were these:

"And, in pursuance of the conductor's orders, said James J. Crotty went between said cars and held and placed said post as directed, and while thus occupied, and unaware of the danger to which he was exposed, the freight train, in response to the conductor's signals, negligently backed against said post with great and unusual force, by reason of which, together with the facts aforesaid, * * * said post * * * slipped and the said cars suddenly and with great force came together, crushing said James J. Crotty without fault on his part."

"The conductor, although knowing the peril to which said James J. Crotty was exposed while occupied between the cars, carelessly and negligently caused the train to be backed, and failed to use all reasonable efforts to protect him from injury."

After the judgment of reversal, and as the result of proceedings which do not require special mention, the petition was amended, by leave of the court, by adding thereto the following:

"Said conductor at said time had full knowledge * * * of the exposed position of peril to which plaintiff's intestate was exposed while attempting to hold said stake, * * * and, while plaintiff's intestate had every reason to believe that said * * * conductor would so operate said train as to create the least possible chance of an injury to plaintiff's intestate, the said * * * conductor, without warning to plaintiff's intestate, and while he had every reason to believe that the speed of said train would not be increased, negligently and carelessly and without necessity therefor greatly increased the speed of said train to such an extent as to greatly increase the peril and hazard in which the plaintiff's intestate was placed, and increased the speed of said train to the extent that the same could not be controlled or stopped as readily and as suddenly as it could and would have been stopped had the rate of speed been not increased."

The defenses interposed to the amended petition were a denial of the negligence charged, assumption of the risk by Crotty, contributory negligence on his part, and the statute of limitations, the last being directed specially against what was embraced in the amendment to the petition. A second trial resulted in a directed verdict for the defendant, upon which judgment was entered, and thereupon the plaintiff sued out the present writ of error.

In the course of the trial, the defendant was permitted to read in evidence a portion of each of four depositions taken by the plaintiff, but not used by her, the plaintiff objecting in each instance that it was not admissible to read a part only of a deposition, and that the portion read did not include all bearing upon the same subject. Error is assigned upon this ruling, but the assignment cannot be sustained. The bill of exceptions sets forth what was read, but not what was not read, so it does not appear that the former did not include all bearing upon the same subject, or that the latter had any tendency to help the plaintiff. Neither does it appear that what was read consisted of mere fragmentary excerpts, a correct appreciation of which depended upon the context, but rather that it consisted of a narrative seemingly complete in itself. Not only this, but the court, as part of its ruling, declared that the plaintiff would be at liberty to read all or any part

of what was not read by the defendant, and she declined to exercise that right. There is some diversity of opinion among the courts upon this question of practice, but the prevailing and better opinion is that there is no sound objection to the reading of a part only of a deposition, if what is read does not consist of mere fragmentary excerpts, a correct appreciation of which depends upon the context, and the opposite party be left at liberty to read what is omitted. Scherer v. Everest (C. C. A.) 168 Fed. 822; Watson v. St. Paul City Ry. Co., 76 Minn. 358, 363, 79 N. W. 308; Morrison v. Wisconsin, etc., Co., 59 Wis. 162, 171, 18 N. W. 13; Miles v. Stevens, 3 Pa. 21, 41, 45 Am. Dec. 621; Herring v. Skaggs, 73 Ala. 446, 453; Norris v. Brunswick, 73 Mo. 256; 4 Wigmore, Ev. § 2103.

Passing other assignments which are without sufficient merit to require special mention, we come to the chief question in the case, which is, Was the evidence such as to justify the court in directing a verdict for the defendant, as was done? Of course, the answer must be in the affirmative, if the evidence produced upon the second trial was substantially the same as that which was before us upon the first writ of error, when we ruled that the defenses of assumption of risk and contributory negligence were conclusively established (73 C. C. A. 147, 141 Fed. 913, 4 L. R. A. [N. S.] 832); for that decision has become the law of the case and presents an insuperable obstacle to a reconsideration, upon a second writ of error, of what was then considered and determined. Thatcher v. Gottlieb, 8 C. C. A. 334, 59 Fed. 872; Balch v. Haas, 20 C. C. A. 151, 73 Fed. 974; Haley v. Kilpatrick, 44 C. C. A. 102, 104 Fed. 647; Board of Com'rs v. Geer, 47 C. C. A. 450, 108 Fed. 478; Guarantee Co. v. Phenix Ins. Co., 59 C. C. A. 376, 380, 124 Fed. 170; Denver & Rio Grande R. Co. v. Arrighi, 72 C. C. A. 100, 141 Fed. 67; Mutual Reserve Ass'n v. Ferrenbach, 75 C. C. A. 304, 144 Fed. 342. Upon the first trial the evidence was without substantial conflict, and upon the second, although in other respects the same, it was quite contradictory as respects the manner in which the train was controlled and moved during the second attempt to stake the car. In one view, that most favorable to the defendant, the train was controlled and moved as well as it could be in the circumstances, as was shown upon the first trial; but in the other view, that most favorable to the plaintiff, the conductor, who was in charge of the work and fully understood the peril of Crotty's position between the train and the car, negligently caused the train to come back with unusual, unnecessary, and increasing force and speed, thereby enhancing the peril of Crotty's position and making it as dangerous for him to release his hold upon the post and to attempt to escape from his position as to maintain his hold and to attempt to keep the cars apart by means of the post, and this negligence of the conductor was the immediate cause of Crotty's death. In our opinion, this conflict worked a substantial change in the evidence upon a material point, and required that the cause be submitted to the jury, whose province it was to determine all disputed questions of fact. And, having regard to the opposing views so presented by the evidence, the jury should have been instructed that, if they resolved the

conflict in favor of the view first stated, their verdict should be for the defendant, but if they resolved it in favor of the other view, a verdict should be returned for the plaintiff. This is so, because in the first contingency the established facts would have been the same as when the case was here upon the first writ of error, and the decision then given would have been controlling, and because in the other contingency the changed state of facts would have made it necessary to give controlling effect to these further considerations: (1) It was the duty of the conductor, while Crotty was in the exposed position between the train and the car, to exercise reasonable care for his protection, and if, in disregard of that duty, the conductor negligently caused the train to come back with unusual, unnecessary, and increasing force and speed, his negligence was attributable to the defendant under the state statute, and the enhanced and extraordinary peril resulting therefrom was not among the risks assumed by Crotty. Chicago, Milwaukee & St. Paul Ry. Co. v. Donovan, 87 C. C. A. 600, 160 Fed. 826. (2) If, with Crotty's exposed position as one of the existing and known conditions affecting the conductor's duty in the premises, he negligently caused the train to come back in the manner just stated, and that was the immediate cause of the fatal injury, the fact that Crotty was negligent in taking such an exposed position was no defense to the action, in so far as it was grounded upon such supervening negligence of the conductor. Chunn v. City & Suburban Ry. Co., 207 U. S. 302, 309, 28 Sup. Ct. 63, 52 L. Ed. 219; Louisville, etc., Co. v. East Tennessee, etc., Co., 9 C. C. A. 314, 317, 60 Fed. 993; Cincinnati Co. v. Whitcomb, 14 C. C. A. 183, 189, 66 Fed. 915. Upon this point, the case is readily distinguishable from St. Louis & San Francisco Ry. Co. v. Schumacher, 152 U. S. 77, 81, 14 Sup. Ct. 479, 38 L. Ed. 361, Illinois Central R. Co. v. Ackerman, 76 C. C. A. 13, 144 Fed. 959, and Denver City Tramway Co. v. Cobb (C. C. A.) 164 Fed. 41, wherein it conclusively appeared that it was within the power of the injured person, down to the moment of the injury, to avoid it by the exercise of reasonable care; for, practically speaking, while Crotty was attempting to hold the post in a proper position between the moving train and car, he was without power to take precautions for his own safety, and was dependent upon such as were taken by the conductor.

But it is urged that the charge relating to the supervening negligence of the conductor was first brought into the case by the amendment to the petition allowed after our former judgment of reversal, that the limited period prescribed in the state statute for commencing actions such as this had then expired, and that the defense based upon the statutory limitation was conclusively established in so far as that charge was concerned. It is true that the period of limitation had expired when the amendment was allowed, but it properly cannot be said that the supervening negligence of the conductor was first charged in the amendment. On the contrary, the excerpts from the petition and the amendment hereinbefore set forth make it plain that such negligence was intended to be, and was substantially, charged in the petition, and that the amendment, instead of presenting a new

charge, merely amplified and gave greater precision to one already presented. And, this being so, the case was well within the rule that an amendment to a petition which sets up no new cause of action, demand, or charge, but merely amplifies and gives greater precision to the allegations in support of the cause of action, demand, or charge originally presented, relates back to the commencement of the action, and the running of the statute of limitations against the cause of action, demand, or charge so pleaded is arrested at that point. Whalen v. Gordon, 37 C. C. A. 70, 95 Fed. 305; Patillo v. Allen-West Commission Co., 65 C. C. A. 508, 131 Fed. 680; Hutchinson v. Otis, 190 U. S. 552, 555, 23 Sup. Ct. 778, 47 L. Ed. 1179; Thayer v. Coal Co., 129 Iowa, 550, 105 N. W. 1024; Gordon v. Railway Co., 129 Iowa, 747, 106 N. W. 177.

We conclude that there was error in taking the case from the jury, and the judgment is accordingly reversed with a direction to grant a new trial.