## J. M. HARTIS, ADMINISTRATOR, v. CHARLOTTE ELECTRIC RAILWAY COMPANY.

### (Filed 13 May, 1913.)

**Evidence — Depositions—Personal Injury—Wrongful Death—Negligence—Same Issue—Executors and Administrators—Parties.**

The difference between hearsay evidence and that obtained by deposition is that in the latter instance testimony is taken before one who is empowered to administer oaths, and the adverse party is given full opportunity to cross-examine; and where depositions have been regularly taken of a deceased person in his action for damages for negligence alleged of the defendant in causing a personal injury, his administrator, in his action against the same defendant for death alleged as resulting from that same injury, involving the same subject-matter and the same issue of negligence, may avail himself of the testimony in the present action by introducing the deposition taken in the former one, notwithstanding his right of action rests by statute only, and that therefore the parties plaintiff in the two actions are technically not the same.

BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by plaintiff from *Webb, J.,* at January Term, 1913, of MECKLENBURG.

It is alleged that Maggie J. Hartis was injured by the negligence of the defendant on 24 May, 1910, and soon thereafter the said Maggie J. Hartis and her husband commenced an action against the defendant to recover damages for the injury.

During the pendency of that action the deposition of the said Maggie J. Hartis was regularly taken and filed, and thereafter the said Maggie J. Hartis died.

This action was then commenced by J. M. Hartis, as administrator of his wife, to recover damages for her wrongful death, caused, as the plaintiff contends, by the injuries of 24 May, 1910.

Upon the trial of the action the plaintiff offered as evidence the deposition taken in the former action, which was excluded, and the plaintiff excepted.

The deposition, if admissible, contains material evidence on the issue of negligence, and the record shows that the defendant

had the opportunity to cross-examine, although it did not do so.

The plaintiff having no other evidence of negligence, submitted to a judgment of nonsuit, and appealed.

*E. R. Preston and Neill R. Graham for plaintiff.*
*Burwell & Cansler for defendant.*

ALLEN, J.   The question presented by this appeal has not been heretofore decided by this Court.

If we adopt the rule prevailing in some jurisdictions, that there must be an exact identity of parties or of their privies and of causes of action before a deposition taken in one action is admissible in another, we must sustain the ruling of his Honor, because we have recently held in *Broadnax v. Broadnax* that damages for wrongful death are not in the usual acceptation of the term a part of the personal estate of the deceased, and in *Hood v. Telegraph Co., ante,* 92, that the administrator or executor does not sue because of succession to the rights of the deceased, but by virtue of his designation in the statute, and the deductions from these authorities are that the causes of action are not identical, and that the administrator in actions of this character is not in privity with the intestate.

This rule finds support in *Miller v. Gillespie,* 54 W. Va., 462; *R. R. v. Gumby,* 99 F. R., 197; 6 A. and E. Pl. and Pr., 579, and is expressly adopted in *Murphy v. R. R.,* 31 Hun., 358, in which a deposition was excluded under facts in all material respects like those before us.

These authorities, in our opinion, sacrifice substance to form, and exclude material evidence which has been subjected to the tests of truth, and in favor of a party who has had an opportunity to cross-examine.

The witness in this case was sworn at the time of taking the deposition by a competent officer; she testified as to the one fact upon which both actions depend—the cause of her injury; the plaintiffs in both actions were endeavoring to establish the same fact—the negligence of the defendant; the same party is a defendant, and it had the opportunity to cross-examine; and the plaintiff in the present action is the administrator of the plaintiff in the former.

Professor Wigmore says, in reference to identity of issues, in vol. 2, sec. 1387 (1): "It is sufficient if the issue was the same, or substantially so with reference to the likelihood of adequate cross-examination, because the opponent has thus already had the full benefit of the security intended by the law"; and as to parties, in section 1388: "It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; and the determination of this ought to be left entirely to the trial judge"; and he adds, while discussing the admissibility of a deposition taken in another action: "It is enough to suggest that the situation is one that calls for common sense and liberality in the application of the rule, and not a narrow and pedantic illiberality."

Mr. Greenleaf, vol. 1, sec. 163, says: "The chief reasons for the exclusion of hearsay evidence are the want of the sanction of an oath and of any opportunity to cross-examine the witness. But where the testimony was given under oath, in a judicial proceeding, in which the adverse litigant was a party and where he had the power to cross-examine, and was legally called upon to do so, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted, after the decease of the witness, in any subsequent suit between the same parties"; and in section 553: "We have seen that in regard to the admissibility of a former judgment in evidence it is generally necessary that there be a perfect mutuality between the parties; neither being concluded unless both are alike bound. But with respect to depositions, though this rule is admitted in its general principles, yet it is applied with more latitude of discretion; and complete mutuality or identity of all the parties is not required. It is generally deemed sufficient if the matters in issue were the same in both cases, and the party against whom the deposition is offered had full power to cross-examine the witness."

In Tiffany on Death by Wrongful Act, sec. 192, the author says: "It has been held that, in an action under the statute, it is admissible to prove the testimony of a deceased witness

HARTIS *v.* ELECTRIC RAILWAY CO.

in a suit by the intestate for the personal injury which abated on his death, upon the ground that the causes of action were the same, and that the admissibility of such evidence turns rather upon the right to cross-examine than upon the precise nominal identity of the parties."

This rule, approved by the text-writers, from which we have quoted, that the admissibility of the deposition is not dependent upon exact identity of parties and causes of action, but rather upon identity of the question being investigated and upon the opportunity of the party *against whom the deposition is offered to cross-examine,* has been adopted in *Dawson v. Smith's Will,* 3 Houst. (Del.), 340; *Wade v. King,* 19 Ill., 308; *Watson v. St. Paul R. R.,* 76 Minn., 362; *Andricus v. Coal Co.,* 121 Ky., 731; *R. R. v. Hengst,* 36 Tex. Civ. App., 219; and it has been held in three cases (*R. R. v. Venable,* 67 Ga., 699; *R. R. v. Stout,* 53 Ind., 158, and *Walkerton v. Erdman,* 23 Can. Sup. C., 352) that a deposition taken in an action to recover damages for personal injuries is admissible in evidence in a subsequent action against the same defendant to recover damages for wrongful death, which is the case at bar.

In the Georgia case the mother had sued for personal injuries to herself by the railroad company, and in that case her interrogatories were taken. Subsequently she died, and her child, by next friend, sued for her homicide, and recovered. Objection was made to the introduction of her testimony on the former trial, but it was admitted, and the Court said: "The admissibility of the interrogatories turns on the questions whether the action was substantially on the same issue and substantially between the same parties. Substantially, we think that the issue was the same. The injuries for which she had sued caused her death, and for that result of those injuries the child sued. . . . It is true that the child could not have sued had not her mother died; and in the mother's case the literal cause of action is the injury done her, not resulting in death, and in the child's the literal cause of action is the homicide; but the substantial cause in both cases is the one cause of both actions, the wrong done by the railroad company, and that was the issue. The interrogatories were introduced, too, only in respect to the injury and the

manner in which it was done and how it occurred, and this was the real thing in issue in both cases. Was the company negligent or diligent? Was the mother? These were the main, substantial questions at issue."

In the Indiana case it was said that, "On the trial of an action brought by an administrator to recover damages for the death of his intestate, caused by the wrongful act of the defendant, evidence is admissible to prove what was the testimony of witnesses, since deceased, on the trial of an action brought by said intestate, and abated by his death, for damages for injuries caused by said wrongful act"; and in the case from Canada: "Though the cause of action given by Lord Campbell's Act for the benefit of the widow and children of a person whose death results from injuries received through negligence is different from that which the deceased had in his lifetime, yet the material issues are substantially the same in both actions, and the widow and children are in effect claiming through the deceased. Therefore, where an action is commenced by a person so injured in which his evidence is taken *de bene esse* and the defendant has a right to cross-examine, such evidence is admissible in a subsequent action taken after his death under the act."

This rule, confined to facts like those before us, commends itself to our judgment as based upon reason and authority, and it is just, as it deprives the defendant of no right and permits a trial of the issue between the plaintiff and the defendant upon its merits.

The cross-examination in the two cases would be practically the same, as the two facts to be investigated in each would be negligence, and the extent of the injuries, unless it would be broader and more extended in the first, due to the fact that in an action for personal injury recovery may be had for expenses, pain, loss of time, impaired capacity to make a living, etc., while in an action for wrongful death the injury as to damages is confined to the single question of the present value of net earnings, based on life expectancy.

HARTIS v. ELECTRIC RAILWAY CO.

The sum demanded in the first, $10,000, the same being demanded in the second, was sufficient to put the defendant upon notice of the importance of the action.

We are of opinion the deposition was competent, and a new trial is ordered.

New trial.

BROWN, J., dissenting: I am of opinion that the deposition is incompetent evidence in this case, for these reasons:

1. The parties to the two actions were different.

2. The causes of action were different.

3. There was no privity of interest between the parties to the first and second action.

4. The cause of action for wrongful death of plaintiff's intestate did not exist when deposition was taken in first action.

5. That deposition was never opened or ordered to be admitted in evidence in the first action.

In the case of *Murphy v. R. R.,* 31 Hun., 358, which was an administrator's action for injuries causing death, the Court, in ruling out similar testimony, said:

"The deposition of the deceased, taken in an action prosecuted by him in his lifetime, was not competent evidence in this action. That action terminated with the death of the plaintiff therein, and all interlocutory proceedings went down with it, and are not saved by section 881 of the Code of Civil Procedure. While the plaintiff is the personal representative of the deceased, the action is prosecuted for the benefit of those who do not claim under him, but is an original cause of action that did not exist in the lifetime of the deceased."

In the case of *Metropolitan Street Railway Co. v. Gumby,* 99 Fed., 192, it was held by the Circuit Court of Appeals for the Second Circuit that testimony in an action by an infant claiming damages for his pain and suffering from an injury is not admissible (the witness having died in the meantime) in a subsequent action against the same defendant by the infant's mother, claiming damages for loss of his services, there being no privity between the plaintiffs.

162—16

The opinion in that case was very able and exhaustive, citing and distinguishing many authorities relied on in favor of the admission of the testimony, and quoting from many others holding *contra,* and is, therefore, instructive.

To same effect are *Nelson v. Harrington,* 1 L. R. A. (O. S.), 719; *Miller v. Gillespie,* 54 W. Va., 462; 6 A. and E. Pl. and Prac., 579.

In the case of *Oliver v. Louisville and N. R. Co.* (Ky.), 32 S. W., 759, it was held that in an action by husband and wife for personal injuries to the wife, depositions taken in a former action by the husband against the same defendant, for loss of services of the wife, caused by the same accident, were inadmissible, though they related wholly to the character of the injury and the manner in which it was received, the Court saying:

"And, although the depositions referred to relate wholly to the character of the injury received by her (the wife), and the manner in which it was done, and are, therefore, pertinent to the question of legal liability, as well as measure of damages, in each action, still the personal injury, if the result of the defendant's negligence, constituted two distinct causes of action, for one of which he (the husband) could alone sue, and for the other of which she (the wife) might have sued alone in case of his refusal to join with her. And while reason for the rule mentioned does not exist to the same extent as if there had been different occurrences or transactions, we can very well see how disregard of it by the court might have taken defendant by surprise and deprived it of the advantage of developing, on cross-examination, admissions and confessions of the wife it was not permitted to show in other suits. Moreover, defendant could not be legally deprived of an opportunity afforded him by enforcement of the rule, to again cross-examine the witnesses."

I admit there are authorities cited in the majority opinion that hold the deposition admissible, but I am of the opinion that the conclusion reached by the courts whose opinions I have cited are more logical and convincing and better accord with our own decisions as to the character of this action. *Hood v. Telegraph Co., ante,* 92; *Broadnax v. Broadnax,* 160 N. C., 432; *Hall v. R. R.,* 146 N. C., 345; *s. c.,* 149 N. C., 108.

It further appears that the deposition was never passed on, opened, or admitted in evidence in the first action. That being so, the deposition never became legal evidence in the first action, and the court, therefore, had no power or authority to permit it to be opened for the first time, upon notice given by the plaintiff in the present action.

MR. JUSTICE WALKER concurs in this opinion.