## OKLAHOMA STATE BANK OF CUSHING et al. v. BUZZARD.

No. 9300—Opinion Filed Sept. 24, 1918.

Rehearing Denied Oct. 22, 1918.

(175 Pac. 750.)

**1. Venue—Residence—Parties.**

The action of the trial court in the instant case, in overruling the special appearance motion of the defendant Oklahoma State Bank, was not error, as said bank was a proper party defendant.

**2. Depositions—Partial Admission.**

It is not error for the court to permit a party to an action to offer in evidence part of a deposition, without offering all of the deposition, where the adverse party is permitted to use all or any part of said deposition as evidence.

**3. Appeal and Error—Depositions—Harmless Error—Question to Witness—Objection.**

It is error for the court to permit objections to be interposed at the trial of a cause to questions propounded to a witness at the taking of the deposition, when both parties were represented at the taking of said deposition, and no objection was interposed when the questions were asked and answered. But when the evidence thus rejected at the trial is incompetent and irrelevant, the action of the court in permitting said objections to be interposed at the trial constitutes harmless error.

(Syllabus by Davis, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by F. B. Buzzard against the Oklahoma State Bank of Cushing and E. H. Howell. Judgment for plaintiff, motion for new trial overruled, and defendants bring error. Affirmed.

See, also, 61 Okla. 88, 160 Pac. 462.

J. F. Curran, for plaintiffs in error.

Parker & Simmons, for defendant in error.

Opinion by DAVIS, C. The instant case is an appeal from a judgment and decree of the district court of Garfield county, Okla., in favor of the defendant in error, hereinafter referred to as plaintiff, and against the plaintiffs in error, hereinafter referred to as defendants, for the sum of $1,188.75 and all costs of said action.

The transactions out of which this litigation grows are as follows: On the 23rd day of October, 1913, the plaintiff entered into a written contract with the Jones Oil & Gas Company, a corporation, A. E. Mas-cho, Milton Thompson, and E. A. Smith. designated as parties of the first part, E. H. Howell, who appears in this case as one of the defendants, joined with the plaintiff in said contract as one of the parties thereto. The avowed purpose of said contract was to secure the services of Mr. F. B. Buzzard in drilling a well on an oil and gas lease owned by the parties of the first part to said contract in Creek county, Okla. The lease in question covered 19.78 acres of land, and, as a consideration for the services to be rendered by Mr. Buzzard in drilling said well, the owners of the lease agreed to convey to Mr. Buzzard a one-half interest in said oil lease. Mr. Howell appears to be the party who promoted the deal, and for the services rendered in consummating this contract was to receive a commission. This appears to be the only interest that Mr. Howell had in said transaction. The particular part of the contract thus entered into out of which the litigation arose is as follows:

"The second parties have this day deposited in the Oklahoma State Bank of Cushing, Oklahoma, the sum of one thousand dollars ($1,000.00) as a forfeit, and it is agreed that if said second parties fail to comply with the terms of this contract the said thousand ($1,000.00) dollars shall be turned over to the first parties; and provided, however, that if second parties have a derrick completed in thirty days and begin drilling in forty days, the said one thousand ($1,000.00) dollars shall be turned back to the second parties and the derrick to be held by first parties in lieu of said one thousand ($1,000.00) dollars."

For reasons that do not appear in this record, the well was not begun by the plaintiff and the derrick was not erected. The question then arose as to the disposition that should be made of the $1,000 that had been placed in the Oklahoma State Bank as a forfeit to secure the faithful performance of the contract on the part of Mr. Buzzard. There were considerable negotiations in reference to the money in controversy, and in the course of these negotiations the defendant Howell assumed an unfriendly attitude towards the plaintiff. Mr. Howell went to Cushing, Okla., and, without the knowledge or consent of the plaintiff, went through the pretense of authorizing the bank to turn over the money in question to the Jones Oil & Gas Company. Accordingly, on the 17th day of December, 1913, the Oklahoma State Bank turned over the $1,000, placed there in escrow by the plaintiff, to the Jones Oil & Gas Company.

This action was instituted against the defendants to recover the said sum, on the

grounds that the acts of said defendants in turning over said money to the Jones Oil & Gas Company constitute a conversion of said money and render the defendants liable therefor.

There is no conflict as to the material points connected with this controversy. It is admitted that the money was placed in said bank in escrow by the plaintiff, and that Howell had no interest whatever in said money, and that this fact was well known to the bank; that Mr. Howell went to Cushing, Okla., and there had a conference with the officials of said bank, and as a result of this conference the bank turned over the $1,000 to the Jones Oil & Gas Company.

The cause was tried to the court without the intervention of a jury, and, at the conclusion of the evidence, judgment was rendered in favor of the plaintiff and against the defendants. A motion for a new trial was duly filed and overruled. The defendants have prosecuted this appeal from the action of the court in overruling their motion for a new trial.

The first assignment of error urged by the defendants for a reversal of the judgment in this case is that the district court of Garfield county, Okla., did not have jurisdiction over the person of the defendant Oklahoma State Bank of Cushing, Okla. Service was obtained on defendant Howell in Garfield county, Okla., and a summons was then issued to Payne county, Okla., and service had on the Oklahoma State Bank of Cushing, Okla. It is urged in support of this assignment of error that the bank was a corporation with its principal place of business in Payne county, Okla., and that as such corporation it was entitled to be sued in the county of its domicile; that the defendant Howell was not a necessary party to said action, but was made a party for the sole purpose of obtaining jurisdiction over the bank in the district court of Garfield county, Okla. The defendant Howell was rightfully made a party to this action for the reason that he joined in the scheme with the bank to turn over this money to the Jones Oil & Gas Company, and the record clearly discloses that the bank was using him for the express purpose of trying to shield itself from any liability to the plaintiff in this transaction. This is an action ex delicto, and the fact that Howell had no pecuniary interest in the $1,000 placed in the bank by plaintiff did not render him immune from an action for collusively joining with the bank in an effort to violate the rights of the plaintiff to the money wrongfully turned over to the Jones Oil &

Gas Company. There was no error in overruling the motion of the bank challenging the jurisdiction of the court over its person.

It is urged that the trial court committed error in permitting the plaintiff to introduce certain portions of a deposition at the trial without offering the entire deposition. It appears that the deposition of certain witnesses was taken at the town of Cushing, Okla., and that by agreement both plaintiff and defendants took the testimony of various witnesses. The plaintiff at the trial of this cause offered certain portions of this deposition without offering the entire deposition as evidence. The record discloses that an objection was made by the defendants at the trial to the action of the court in this matter, and when said objection was made it was expressly stated by the court that the plaintiff would be permitted to introduce such parts of the deposition as he desired, but that the defendants would be permitted to introduce any part of the deposition that they desired. The defendants did introduce the entire deposition of the witnesses and all of the evidence contained therein was before the court. We are unable to see that the defendants were prejudiced by the action of the court in this matter. The matter was tried to the court, and it is not pointed out by the defendants that the action of the court resulted in any prejudice to them.

In the case of Watson v. Winston et al. (Tex. Civ. App.) 43 S. W. 852, this question was before the court for consideration, and the following rule is announced:

"The defendant offered to read" a portion of said "answers of the witness. The plaintiffs objected that defendant could not read a portion of said answers without reading the entire deposition. The court sustained the objection, and required defendant to read the entire deposition if he read any. This was error. The defendant was entitled to read any admission contained in the deposition without being compelled to read the whole deposition."

In the case of Watson v. St. Paul City Ry. Co., 76 Minn. 358, 79 N. W. 308, this question was presented for consideration, and the court stated the rule as follows:

"Parts only of the deposition were offered, and, as stated before, the second objection was placed on this ground. A party offering evidence taken by deposition is not bound to offer or to read the whole deposition. He may offer and read portions, subject to the right of the court to order that all be read at the same time."

The party offering a deposition in evidence

is not, as a rule, bound to offer or read the whole of it, but what is not read by him may be read by his adversary. Edgar v. McArn, 22 Ala. 796; Williams v. Kelsey, 6 Ga. 365; Van Horn v. Smith, 59 Iowa, 142, 12 N. W. 789; Morrison v. Wisconsin Odd Fellows' Mutual Life Ins. Co., 59 Wis. 162, 18 N. W. 13; Whitlatch v. Fidelity & Casualty Co., 21 App. Div. 124, 47 N. Y. Supp. 331.

There was no error in the action of the court in permitting the plaintiff to offer portions of the depositions without offering the entire deposition, and the weight of authority holds that it would have been error for the trial court to have held otherwise.

At the trial of this cause the plaintiff was permitted to interpose objection to certain questions propounded to the witnesses in the deposition. No objection was interposed when the deposition was taken, and it is urged that the action of the court in thus permitting the plaintiff to object to questions in the deposition when none was interposed at the taking of said deposition, the plaintiff being present when the deposition was taken, constitutes error. It is conceded by counsel for the plaintiff that this action of the court was erroneous. Section 5091, Rev. Laws 1910, provides as follows:

"Where the adverse party appears at the making of the deposition, no objections to questions propounded therein shall be considered unless stated at the time and set forth in the deposition: Provided, that it may be otherwise stipulated by the parties at the time of taking the deposition, and such stipulation set forth in the deposition and certified to by the officer taking the same."

We have examined the questions to which the objection was interposed, and upon an examination it is disclosed that all of the questions to which an objection was made and sustained were irrelevant, and an answer thereto could not have been material either to the plaintiff or defendants. They all pertained to matters that had no bearing upon the issues in the case, and could not have influenced the court in reaching his conclusion. Such a technical error as this does not warrant a reversal of this case, for the reason that we are convinced that the evidence rejected could not have changed the result reached by the court. Had the evidence thus rejected been material to a consideration of the issues involved, then a different question would be presented.

In view of the rule that obtains in this jurisdiction, that the improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal, we are constrained to hold that the action of the court in this matter constitutes harmless error. City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; Frick v. Reynolds et ai., 6 Okla. 638, 52 Pac. 391.

The foregoing assignments of error constitute the only questions that need consideration. While there are numerous other assignments, yet they are all involved in the questions heretofore discussed.

The action of the bank in this matter was unwarranted. The parties of the first part to this contract were interested to a considerable extent both in the Jones Oil & Gas Company and the Oklahoma State Bank, and the entire proceedings from the time that the first difference arose between the plaintiff and the oil company show an undue amount of zeal upon the part of the officers of the bank to transfer this $1,000 to the oil company. It was not a technical or inadvertent conversion upon the part of the defendants. But, on the other hand, the record discloses that the entire proceeding was a scheme upon the part of the defendants and the oil company to take advantage of the forfeiture clause in the contract and secure the benefit of the $1,000. This the law forbids them to do.

Finding no error in the record, we recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.